The opinion of the Court was delivered by
Colcock, J.
By the 12th section of the limitation Act, parties are *9 f 01 *a^owe<^ f°ur years to commence suits after the right of action has J accrued ; this Act was passed in 1712.
By a subsequent Act, passed in 1789,[1] commonly called the executor’s law, it is enacted, “ that no action shall be commenced against any executor or administrator, for the recovery of the debts due by the testator or intestate, until nine months after such testator or intestate’s death.
Where the debtor dies after the action has accrued, and before the four years expire, by the operation of this latter Act, 1789, nine months will be taken from the four years allowed the plaintiff to sue; and if but nine months of the four years remained unexpired at the death of the testator or intestate, the suit would be barred in three years and three months. As this latter Act was intended for the benefit of estates, to allow the executors and administrators time to look into the affairs of the estate, and to collect debts which may be due, so as to prevent unnecessary sacrifice of property, it would be highly unjust to suffer it to operate to the prejudice of honest and indulgent creditors. It has therefore been decided, that the Act of 1789, suspends the operation of the limitation Act for the period of nine months after the death of the testator, or intestate, but does not take from the plaintiff any part of the four years allowed by the limitation Act. The case alluded to, was William *529 WigMman against the Executors of Joseph Ghouler,[1] decided at the January sitting, 1808. The brief in that cause, states, “ that the action was brought on a promissory note, given by the defendants’ testator. The defendants pleaded, that their testator had not assumed within four years. The plaintiff replied in bar to the plea, that by the Act of 1789, it was rendered illegal to institute a suit against executors or administrators for the debt of their testator or intestate, until nine months after the death of either, and that the time which had elapsed after making the promise and assumption (and previous to the death of the testator,) did not, together with that which elapsed after the ^expiration of the nine months, and after death of the testator, and previous to the L issuing forth of the writ, make up the time or period of four years. To this replication the defendant demurred, and the plaintiff joined issue. On argument, the demurrer was overruled by the whole bench.” This authority being directly in point, is considered as deciding the case.
The motion is granted.
Nott and JohnsoN, JJ., concurred.
See 3 McC. 455 ; 1 McM. 334; Harp. 426; 2 McC. 333.

 5 Stat. Ill, § 27.

 2 Brev. 251.

 Post. 25.