F. G. Parker v. Savage and Hogan et al.

1. Homestead. *Execution. Action. Tort. Debt.* A tort is not a debt, and the homestead is exempt from an execution issued upon a judgment rendered in an action sounding in tort, commenced before the right accrued and the judgment rendered after.

2. Constitutional Law. *Tort. Contract.* Neither the contract clause of the Constitution of the United States nor the contract clause of the Constitution of Tennessee protect the right of action the law gives for a tort.

3. Same. *Art. II., sec. 2, construed.* This provision as to "suits, actions, or right of actions," has reference to the proceedings in court for the enforcement of the right, and to hinder the legislature from obstructing litigants in the prosecution of their suits.

4. Same. *Conflict. Construction.* Where there is a seeming conflict, that construction will be adopted which will harmonize the instrument and render every part operative.

FROM CLAY.

Appeal from the Chancery Court at Selina. W. G. Crowley, Ch.

Joshua Haile and R. A. Cox for complainant.

J. D. Goodpasture for defendants.

Deaderick, C. J., delivered the opinion of the court.

The bill and amended bill in this case seek to reach certain real estate of Savage and Hogan for the satisfaction of a judgment rendered against them in favor of complainant, in this court, in 1873.

The defendants, each being the head of a family,. and residing on separate tracts, claimed by them, insist such land is exempt under the constitution and laws from sale by execution.

The answer of complainant to this is, that in 1866, before any such exemption existed, he brought suit in. the circuit court of Overton county against said Savage and Hogan, for damages for false imprisonment, and in 1873 recovered judgment in the circuit court, which, upon appeal to this court, was affirmed at the December term, 1873.

The question is thus presented, whether the constitution of 1870 secures to defendants the homestead against a judgment rendered in 1873, in tort, the action having been commenced in 1866.

The constitution of the United States declares that no State shall pass any law impairing the obligation of contracts: Art. 1, sec. 10.

This inhibition has been held to apply to both a convention of delegates met to ordain and establish a constitution for the State, and to the legislature assembled under such constitution.

We have a similar provision in our State constitution, in art. 1, sec. 20.

But the right of action which the law gives for a tort done,. can in no sense be regarded as a contract, or a right arising in contract.

We have, however, a further provision in art. 11, sec. 2 of our constitution, which ordains that "nothing contained in this constitution shall impair the validity of any debts or contracts, or affect any rights

of property, or any suits, actions, rights of action, or other proceedings in courts of justice."

And it is argued that under this section, the suit having been instituted at law in 1866, the after provision of the constitution could not prevent plaintiff from having satisfaction out of the homestead, of any judgment recovered in that suit—*first*, because the pending suit made complainant a creditor of Savage and Hogan; and cases in 5 Sneed, 531, and 2 Heis., 343, are referred to as sustaining this position.

It had been directly held in *Langford* v. *Fly*, 7 Hum., 585, that a party who has a right of action for a tort, is not a creditor until he obtains a judgment, yet the court in that case refused to sustain a voluntary conveyance made with intent to defeat an after-acquired judgment, in an action of tort, and allowed the plaintiff to proceed with his execution at law against the property conveyed.

In the case of *Pairick* v. *Ford*, 5 Sneed, 530, reported with the case of *Farnsworth* v. *Bell*, by a very liberal construction of the act of 1801, ch. 25, the court held, that under the phraseology of that statute, one entitled to recover *damages*, either in contract or tort, was a *creditor*. These crses are referred to in 2 Heis. But it does not follow that, because, under the statute cited, the complainant may be considered a creditor, his claim was before judgment, in the sense of the constitution, a debt.

Debt, is defined to be a sum of money due by certain and express agreement: Bouv. L. D., 450.

In construing statutes, and equally in the construc-

tion of the constitution, the words are presumed to be used in their natural and ordinary sense, and if a technical word is employed, it must be presumed to have been used in its technical signification. Debt, then, cannot be regarded as a synonym of tort.

But the constitution not only declares that nothing therein shall impair the validity of any debts or contracts, but it adds, or affect any rights of property, or any suits, actions, or rights of action, *or other proceedings in courts of justice.*

It is argued that to hold that the homestead is not liable in this case, would be to violate that part of this section which says that the rights of action, actions, suits and other proceedings shall not be affected; because, it is alleged, while the suit at law was being prosecuted, and the right of action being enforced by legal proceedings, this property was liable for the satisfaction of whatever judgment might be recovered.

This provision as to suits, actions, or rights of actions, it appears to us, from the context, has reference to the proceedings in court for the enforcement of the right, and was intended to hinder the legislature from obstructing litigants in the prosecution of their suits or actions, and as a declaration that nothing in the constitution was intended to interfere with the regular administration of the law by the courts. Such seems to be the meaning intended by the language, "any suits, actions, rights of action," the immediately succeeding language being "or *other proceedings in courts of justice.*"

This construction removes all seeming conflict be-

tween this section and the section securing homestead to heads of families. That right is secured by sec. 11, art. 11. It exempts from sale under legal process, or by the husband without consent of the wife, a homestead of the value of $1,000; but provides that this exemption shall not operate against public taxes, nor debts contracted for the purchase money of such homestead, or improvements thereon.

No other exceptions are made, but this court has held, under the constitution of the United States, the homestead could not be exempted from sale for *debts* created before the constitution of 1870 was adopted. But, as before stated, complainant's claim was no debt when this right accrued.

The language is unmistakably clear, exempting the homestead from forced sales in all cases but those specified. It was manifestly the intent of the instrument to secure this right of homestead, and to shield it from all liabilities except those mentioned.

Cooly Const. Lim., 58, says if different parts of the constitution "seem to conflict, the courts must harmonize them, if practicable, and lean in favor of a construction which will render every word operative, rather than one which may make some idle and nugatory. One part is not to be allowed to defeat another, if by any reasonable construction the two can be made to stand together."

The two portions are not really in conflict, as we think the construction placed upon sec. 2, as to suits, actions, etc., is the just interpretation of the language employed, and neither a forced or unnatural construc-

tion. We are of opinion, therefore, that the chancellor, in subjecting the homesteads of defendants Savage and Hogan to the satisfaction of complainant's judgment, erred, and his decree must be reversed, and complainant will pay the costs of this court. Other lands, perhaps, than those subject to homestead were attached, and may be subjected to sale for the satisfaction of complainant's judgment, and this cause will be remanded for the purpose of ascertaining if, after setting apart the homestead, there shall remain other lands which may be sold, and for further proceedings.