COLLINS *v.* RUFFNER

(*Knoxville,* September Term, 1947.)

Opinion filed November 29, 1947.

Roy K. Murphy and John R. King, both of Morristown, for plaintiff in error.

McCanless & Taylor, of Morristown, for defendant in error.

Mr. Justice Prewitt delivered the opinion of the Court.

This case is on appeal following the sustaining of a plea in abatement to the damage suit instituted by the plaintiff, Mrs. Annie Collins, administratrix. John R. Williams and L. Guy Ruffner were both killed instantly in a collision of their automobiles on May 5, 1946. Mrs. Annie Collins qualified as administratrix of the estate of John R. Williams, and Carl W. Ruffner qualified as administrator of the estate of L. Guy Ruffner.

On May 2, 1947, Mrs. Collins, as administratrix, sued the defendant, Carl W. Ruffner, administrator, in the circuit court of Hamblen County, for damages for the wrongful death of her intestate, John R. Williams, and

for damages done to his automobile in said collision, alleged to have been caused by the negligence of said L. Guy Ruffner.

Defendant, Carl W. Ruffner, administrator, filed a plea in abatement to the summons and declaration averring:

■ That the exclusive jurisdiction of claims against his intestate's estate was in the county court and that the circuit court was without jurisdiction to hear and determine the case.

■ That as administrator of said L. Guy Ruffner, he duly advertised for creditors in a newspaper on May 30, 1946, and that plaintiff failed to file her claim in the county court and also failed to file copies of the pleadings in the case in the county court.

Plaintiff admitted that no claim for her damages growing out of said collision had been filed in the county court and that she had not filed a copy of the declaration in the case in the county court, and insisted that Chapter 175 of the Acts of 1939 had no application to cases of this kind.

The trial judge sustained the plea in abatement and dismissed the suit.

Section 2, Chapter 175, of the Acts of 1939 provides in part of follows: "Be it further enacted, That within twelve (12) months from the date of the notice to creditors, required by Section One (1) hereof, all persons, resident and non-resident, having claims against the estate of the decedent, whether the claimant be *sui juris* or otherwise, and whether the claim be due or not due, and whether the estate be solvent or otherwise, shall file them in duplicate with the clerk of the Court in which the estate is being administered. When any claim is evidenced by a written instrument, such instrument, or a copy attested by the clerk of the court as a true copy of the orig-

inal, shall be filed; when due by a judgment or decree a copy thereof certified by the clerk of the court where rendered shall be filed; and when due by open account an itemized statement of the account shall be filed; and every claim shall be verified by affidavit of the creditor before an officer authorized to administer oaths; which affidavit shall state that the claim is a correct, just and valid obligation of the estate of the decedent, that neither the claimant nor any other person on his behalf has received payment thereof, in whole or in part, except such as is credited thereon, and that no security therefor has been received, except as thereon stated. No claim shall be filed by the clerk nor be deemed to be filed unless accompanied by a duplicate copy, but the duplicate need not be verified.''

Section 3 provides in part as follows: ''All claims and demands not filed with the clerk, as required by this Act or in which suit shall not have been brought or revived before the end of one (1) year from the date of the notice to creditors, as required by Section One (1) of this Act, shall be forever barred from assertion against the personal representative and from payment out of assets while the same are in his hands, and the personal representative may, without liability for the payment, distribute the assets of the estate and close the administration.''

Section 5 provides: ''Be it further enacted, That all actions pending against any person at the time of his death, which by law may survive against the personal representative, shall be considered demands legally filed against such estate at the time of the filing with the clerk of the court in which the estate is being administered of a copy in duplicate of the order of revivor, one of which copies shall be certified or attested, a notation of

which shall be entered by the clerk in the record of claims, as in the case of other claims 'filed. Pending actions not so revived against the personal representative within twelve (12) months from the date of the notice to creditors shall at the expiration of said period, abate.''

Section 6 provides:

''Be it further enacted, That other than by the filing of claims or the revivor of actions pending against the decedent at the time of his death, no suits shall be brought or other action taken by any creditor against the estate until the expiration of six months from the issuance of letters; and nothing herein shall be so construed as to permit the filing of claims or revivor of pending actions, or institution of suits against the personal representative after twelve (12) months from the date of the notice to creditors, excepting, however, insolvency proceedings.

''Duplicate copies of the first pleading filed in original actions against a personal representative, shall be 'filed with the Clerk of the Court where the administration originated, to be noted by him in the record of claims as are other claims filed.''

Defendant contends that any claim that plaintiff might have 'had against the estate of his intestate should have been presented under the Act within twelve months from the date of the notice to creditors, and that said Act covered not only demands originating from contracts or agreements but claims sounding in tort.

In *Commerce Union Bank* v. *Gillespie,* 178 Tenn. 179, 193, 194, 156 S. W. (2d) 425, 430, this Court said: ''. . . We find no authority for denying to the Legislature the power to fix reasonable limitations, here twelve months, upon the filing of claims against the estates of decedents. The proceedings being *in rem,* which determines the status of the subject matter, and thus are con-

clusive, not only on the parties before the Court, but all others, and the statute being of the nonclaim class, for the orderly disposition of estates, this is true whether the claims be those of non-residents or of infants or mental incompetents.''

In *Cooper's Estate* v. *Keathley,* 27 Tenn. App. 7, 12, 177 S. W. (2d) 356, 358, the following language was used: ''Chapter 175, Acts of 1939 introduced important changes in the law of administration of estates of decedents. Under that Act the personal representative, within 30 days from the issuance of his letters, must publish notice for creditors and, within one year from the first publication of such notice, they must file their claims against the estate with the clerk of the county or probate court in which the estate is being administered. Likewise, within one year, certified copies of orders of revivor of suits revived in other courts against the personal representative must be filed with such clerk. All claims of whatsoever sort not so filed within the year are forever barred. The personal representative, or any creditor, distributee or heir, may except to any claim by filing written exceptions with the clerk; and all issues upon such exceptions are to be tried by the county or probate judge, without formal pleadings, upon evidence as in other cases.''

It will be observed that the cases thus far decided under Chapter 175 of the Acts of 1939 involved procedural changes. The Act was passed to regulate procedure and brings about no change in substantive law. It establishes no new rights and does not deny any right already existing. By previous law, creditors of a deceased person were required to file their claims with his administrator, and the administrator was required to publish a notice to creditors to bring their claims to him. By the Act of 1939 the administrator is required to give notice to creditors

to file their claims with the clerk of the county or probate court, but there is no change made as to who constitutes "creditors."

■ In *Langford* v. *Fly*, 26 Tenn. 585, 586, the Court said: "A party who has a right of action for a tort, cannot be deemed a 'creditor' until he obtains a judgment. The wrong-doer is in no sense a debtor by reason of the wrong, until the judgment of a court shall fix upon him a pecuniary burden for the redress of the wrong."

■ And in *Williams* v. *Conrad*, 30 Tenn. 412, at page 418 in construing the statute regulating the administration of estates, the Court said: ". . . In the construction of this statute (Acts 1715, Chapter 48), it was settled at an early day, and the decision has been followed, that all persons are considered 'creditors' who have demands originating from contracts or agreements."

■ Again, in *Parker* v. *Savage & Hogan*, 74 Tenn. 406, 407, the Court said: "But the right of action which the law gives for a tort done, can in no sense be regarded as a contract, or a right arising in contract."

■ Section 2 of the Act provides that within twelve months from the date of the notice to creditors, all persons holding claims evidenced (1) by a written instrument, or (2) by a judgment or decree of court, or (3) by open account, shall file them with the clerk of the county or probate court. No other kind of claims are mentioned.

No jurisdiction is conferred by the Act, or by any other law, on the county judge to try, adjudge, and render judgment in a negligence case. No machinery is set up in that court and no procedure prescribed.

■ It has been argued that plaintiff should have filed copies of her declaration in this case in the county court and that her failure to do so is fatal to her suit.

The conclusive answer to this contention is that the 1939 Act makes no such requirement, as cases sounding in tort were not contemplated.

It results that the judgment of the lower court is reversed, and the case is remanded for further proceedings consistent with this opinion.

All concur.