MRS. ELIZABETH MCMAHAN, Administratrix of Roy Mc-
MAHAN, Deceased, *v.* WILLIAM O. BEACH, Administrator
of SAM SCZYGIEL, Deceased.

*(Nashville,* December Term, 1954.)

Opinion filed April 7, 1955.

GOODPASTURE, CARPENTER & DALE, of Nashville, and
GOODLETT & GOODLETT, of Clarksville, for appellant.

Appellee not represented by Counsel.

MR. JUSTICE TOMLINSON delivered the opinion of the Court.

Roy McMahan and Sam Sczygiel were killed when their respective automobiles collided in a traffic accident. The widow of McMahan, as his administratrix, instituted a tort action for damages against Beach, as administrator of Sczygiel. Beach, administrator, pleaded in abatement that the suit was commenced within less than six months after the issuance of letters of administration. The trial court sustained this plea after overruling the demurrer thereto interposed by plaintiff administratrix. The case is here on appeal from that action of the Court.

The exemption of an administrator from suit for a period of six months after issuance of letters of administration is carried in the Code Supplement at Section 8196.7, which is Section 6 of Chapter 175 of the Acts of 1939.

This Chapter 175 provides the procedure for the administration of the estates of decedents. Jurisdiction to adjudge disputed claims is vested in the county judge except that when a jury is demanded the claim in question is certified to the Circuit Court. *Collins* v. *Ruffner*, 185 Tenn. 290, 206 S. W. (2d) 298, 301, holds that Chapter 175 of the Acts of 1939, and as amended, did not contemplate a tort action. In so holding it observed that:

"No jurisdiction is conferred by the Act, or by any other law, on the county judge to try, adjudge, and render judgment in a negligence case. No machinery is set up in that court and no procedure prescribed."

The result is that the exemption of an administrator from suit for a period of six months after issuance of letters does not apply to tort actions.

The judgment of the trial court is reversed. The demurrer will be sustained, and the cause remanded for further appropriate proceedings. The costs of the appeal will be adjudged against Beach, administrator.