Sheila Fay Darby, a Minor, by next friend, Ethel Fay Bass, Natural Guardian, Claimant Against the Estate of Dr. E. C. Schultz, Deceased, Appellant,

*v.*

Union Planters National Bank of Memphis, Executor of the Estate of Dr. E. C. Schultz, Deceased, Appellee.

436 S.W.2d 439.

(*Jackson,* April Term, 1968.)

Opinion filed January 3, 1969.

JOHN B. MAXWELL, JR., Memphis, for appellant.

CHARLES O. MCPHERSON, Memphis, for appellee.

MR. JUSTICE CRESON delivered the opinion of the Court.

Appellant, Sheila Fay Darby, by next friend, seeks review in this Court of a judgment of the Probate Court of Shelby County, Division II, which dismissed her claim against the Estate of Dr. E. C. Schultz, Deceased.

Appellant's claim, as filed in the trial court, is as follows:

"A claim for damages in an amount not to exceed $150,000.00 is hereby made against the Estate of E. C. Schultz, Deceased, by Ethel Fay Bass, natural guardian and next friend of Sheila Fay Darby, a minor.

This claim is based on the negligence of the deceased in his diagnosis of the condition of the said minor, who was a patient under the care of the deceased; the negligence of the deceased in his prognosis of the future condition and disability of the said minor; and the negligence of the deceased in approving and recommending the settlement of a personal injury claim on behalf of the said minor, the claim being predicated on the said minor having no permanent disability, when the deceased knew, or in the exercise of reasonable care should have known that the said minor had permanent disability or that a great likelihood of permanent disability existed.

In reliance on the negligently incorrect diagnosis, prognosis and evaluation, as related, a settlement was effected of the said minor's personal injuries for $13,-500.00. The amount of settlement was grossly inadequate to compensate said minor for her permanent disability which decedent negligently failed to disclose."

Union Planters National Bank, Executor of the Estate of Dr. Schultz, excepted to appellant's claim, insisting (1) that the Probate Court of Shelby County had no jurisdiction to try the claim for the reason that it is based on the alleged negligence of the decedent and thus sounds in tort, (2) that appellant is not a creditor within the provisions of T.C.A. sec. 30-510, and (3) that, without waving the jurisdictional grounds for exception just

above referred to, Dr. Schultz was not negligent as alleged in the claim.

The exceptions were heard July 23, 1968, upon argument of counsel. The court found (1) that appellant's claim is "based on tort," and (2) that the court was without jurisdiction to hear it. The claim was dismissed and an appeal "to the proper Appellate Court" was prayed and granted.

Appellant has filed one assignment of error in this Court:

"The Probate Court erred in dismissing Appellant's claim, since the claim furnishes ample basis for a breach of contract action, and the Probate Court therefore has jurisdiction."

Appellant insists that the issue to be decided is whether or not her claim can "be based on breach of contract." More accurately, the issues presented are (1) does the claim stated sound in tort or in contract, and (2) does the trial court have jurisdiction to try the claim stated?

This case presents a situation in which a physician undertook to diagnose and treat a patient. The patient now contends that the diagnosis was negligently performed, to her detriment. She insists that her action sounds in contract and, for the purposes of asserting a claim against the estate of the physician, that her claim should be viewed as arising from a contract.

 This Court is of opinion that the view thus contended for cannot be accepted. There is little doubt that the undertaking of a physician to diagnose and treat the ills of a patient is, in part, contractual in nature. The relationship thus arising between a physician and patient

creates a duty on the part of the physician to exercise proper care. If a physician renders his services negligently, he is liable in tort for the breach of the duty owed to the patient. An action against a physician for negligent diagnosis or treatment sounds in tort.

The gravamen of the claim asserted in the Probate Court is, and must be, that deceased negligently breached his duty to have and exercise that degree of knowledge, skill, diligence and care standard to the medical profession in the community in which performed. It seems reasonably clear, then, that the claim stated is one sounding in tort and the damages sought are of that kind and character indigenous to the action for negligence. In this fabric, the so-called contract is not significant beyond its imposition of the duty of care.

■ This Court, in *Collins v. Ruffner* (1947), 185 Tenn. 290, 206 S.W.2d 298, held:

"In *Langford v. Fly*, 26 Tenn. 585, 586, the Court said: 'A party who has a right of action for a tort, cannot be deemed a "creditor" until he obtains a judgment. The wrong-doer is in no sense a debtor by reason of the wrong, until the judgment of a court shall fix upon him a pecuniary burden for the redress of the wrong.' "

■ Under T.C.A. sec. 30-510 and *Collins v. Ruffner,* supra, appellant is not a creditor until such time as a court of competent jurisdiction shall have determined whether or not the estate of deceased is liable for the alleged negligent wrong.

It is correct to say, and the trial court has so held, that it is without jurisdiction to entertain the claim in the present case. See *Collins v. Ruffner,* supra.

It results that the judgment dismissing appellant's claim must be, and is, affirmed. Costs are taxed to appellant.

BURNETT, CHIEF JUSTICE, and DYER, CHATTIN and HUMPHREYS, JUSTICES, concur.