Carson **CARPENTER** and Glenda Carpenter

v.

Gilford **J. JOHNSON.**

Supreme Court of Tennessee.

Aug. 30, 1974.

Jim D. Owen, Banks, Campbell & Owen, Knoxville, for appellants, plaintiffs in error.

Dalton L. Townsend, Hodges, Doughty & Carson, Knoxville, for appellee, defendant in error.

## OPINION

FONES, Chief Justice.

This case arose when plaintiffs filed suit in a tort action against a deceased defendant, then attempted to amend the complaint to substitute the deceased's administratrix as the defendant after the one year statute of limitations had run. The record, which contains a stipulated bill of exceptions, re-

veals the following chronology of relevant facts:

■ The cause of action asserted by the plaintiffs accrued on May 18, 1972, the date of the accidental injuries sustained by plaintiffs in an automobile accident. On April 9, 1973, the alleged tort-feasor, Gilford J. Johnson, died. On May 16, 1973, plaintiffs filed suit against Gilford J. Johnson and others. On May 18, 1973, process was returned unserved, with a notation that the named defendant, Gilford J. Johnson, was deceased. On July 10, 1973, Mattie Lou Johnson was appointed Administratrix of the Estate of Gilford J. Johnson, Deceased. Pursuant to a motion filed by plaintiffs on July 3, 1973, the trial judge entered an order on July 16, 1973, allowing the substitution of Mattie Lou Johnson, as Executrix of the Estate of Gilford J. Johnson, Deceased. While she was actually appointed administratrix, this variance is immaterial. The order authorized the issuance of process directed to Mattie Lou Johnson, as Executrix of the Estate in the same cause originally instituted by plaintiffs on May 16, 1973. Process was issued on July 16, 1973, to be served upon her, and she was served on August 6, 1973.

Counsel for the administratrix filed a motion to dismiss, or, in the alternative, for summary judgment, on the theory that the action was barred by the statute of limitations. On September 28, 1973, the trial judge sustained the motion and granted plaintiff's prayer for direct appeal to this Court. Plaintiffs would have us reverse the judgment in the trial court and remand the case for trial on the merits.

There is a question in this case with respect to whether or not, taking the complaint and the record as a whole, a cause of action is stated by the plaintiffs against Mattie Lou Johnson, Administratrix of the Estate of Gilford J. Johnson, Deceased, because the body of the original complaint remains as a statement of a cause of action against Gilford J. Johnson on the assumption that he was alive. However, for the purposes of this opinion, we consider that issue in abeyance as no question has been raised with respect thereto by attorneys for the decedent's estate, their plea being predicated entirely upon the running of the statute of limitations, prior to the granting of the order on July 16, 1973.

■ Plaintiffs rely upon Rule 25.01 TRCP, or, in the alternative, rely upon our Rules of Civil Procedure involving the relation back of amendments, commencement of actions, and enlargement of time. The disposition of this case is controlled by T.C.A. § 28–111. The time frame within which the significant events occurred in this case render it unnecessary to discuss the application of said rules.

Said Section reads as follows:

*"Suspension pending administration of estate.*—The time between the death of a person and the grant of letters testamentary or of administration on his estate, not exceeding six (6) months, and the six (6) months within which a personal representative is exempt from suit, is not to be taken as a part of the time limited for commencing actions which lie against the personal representative."

This Section has the effect of suspending, or tolling, the statute of limitations for that period of time between the death of a person and the appointment of a representative of his estate, up to a period of six months.

T.C.A. § 20–603 expressly provides that a cause of action that survives the death of a tort-feasor, " . . . may be prosecuted against the personal representative of such tort-feasor or wrongdoer, . . . "

This Court has held that Code Supp. 1950, § 8196.7, the forerunner of our present T.C.A. § 30–1001, has no application to tort actions. McMahan v. Beach, 198 Tenn. 168, 278 S.W.2d 680 (1955). It would seem to follow that the second six-month period referred to in T.C.A. § 28–111 would not be applicable to tort actions. However, such a ruling has no effect upon

the efficacy of the six-month period of suspension between the death of a person and the appointment of a representative of his estate.

It should be noted that T.C.A. § 28–301 says:

> "*Scope of chapter.*—All civil actions, other than those for causes embraced in chapter 2 of this title, shall be commenced after the cause of action has accrued, within the periods prescribed in this chapter, unless otherwise expressly provided."

The controlling statute in this case, T.C.A. § 28–111, expressly provides otherwise.

Connecticut's court of last resort has, without any statute, invoked a judicial rule based upon the principle that the running of a statute of limitations is suspended during the time a claimant is prevented, without fault on his part, from suing, where, as in the instant case, the death of defendant prior to the running of the statute of limitations left plaintiffs with no one to sue for a period of time. Lubas v. McCusker, 153 Conn. 250, 216 A.2d 289 (1965). See generally, 47 A.L.R.2d 179.

■ The amount of time remaining under the one-year statute of limitations at Gilford J. Johnson's death was thirty-nine days. Therefore, following the date of appointment of a representative of his estate, plaintiffs had thirty-nine days to commence their action within the meaning of Rule 3 TRCP. The entry of the order on July 16, 1973, allowing the substitution of Mattie Lou Johnson, Administratrix of decedent's estate, in the place and stead of the decedent Gilford J. Johnson, as defendant, marked the commencement of the action within the meaning of Rule 3. It follows that plaintiffs' claim is not barred by the statute of limitations, since only six days had elapsed following date of appointment of the administratrix.

The judgment below is reversed and the cause remanded to the Circuit Court of Knox County for further proceedings not inconsistent herewith. The costs of this appeal shall be taxed to appellee, with all other costs to abide the outcome upon remand.

DYER, C. J., CHATTIN and Mc-CANLESS, JJ., and LEECH, Special Judge, concur.