Raymond M. HERRING et ux., June Herring, Appellants,

v.

ESTATE of J. Harrison TOLLETT, Deceased, Appellee.

Supreme Court of Tennessee.

May 9, 1977.

Walter L. Fuller, Jr., Oak Ridge, for appellants.

Hoyt V. Swafford, Swafford, Looney & Looney, Crossville, for appellee.

OPINION

HENRY, Justice.

This appeal relates to the proper procedure for filing, in the Probate Court, notice of the pendency of a circuit court tort action.

The estate of J. Harrison Tollett is in process of being administered in the County Court of Cumberland County. After the appointment of an administrator and within six months after the requisite publication of notice to creditors, the appellants filed their claim in the County Court for "injuries growing out of a vehicle accident" and "loss of services". A copy of a complaint filed against the administrator in the Circuit Court at Crossville was appended to the claim.

The administrator filed exceptions upon the principal ground that it was a claim for unliquidated damages in a pending circuit court tort action.

The County Judge disallowed and dismissed the claim upon the ground that it "is one sounding in tort and the claimants cannot be deemed creditors until they obtain judgments". Claimants have appealed to this Court and appropriate assignments of error have been made.

## I.

Sec. 30–510, T.C.A., requires that claims, due or not due, be filed in duplicate with the clerk of the court where the estate is being administered, within six months from the date of the notice to creditors. It enumerates claims based upon written instruments, judgments or decrees, and open accounts. More importantly it does not list tort claims.

Sec. 30–511, T.C.A. provides:

Duplicate copies of the first pleading filed in original actions against a personal representative shall be filed with the clerk of the court where the administration originated, to be noted by him in the record of claims as are other claims filed.

Facially, this statute would seem to require that where an administrator is sued officially in a tort action, duplicate copies of the complaint shall be filed with the clerk.

The case of *Collins v. Ruffner,* 185 Tenn. 290, 206 S.W.2d 298 (1947), however, holds to the contrary. There a tort action was instituted in circuit court and the defendant administrator entered a plea in abatement asserting, *inter alia,* that the exclusive jurisdiction of claims against an estate is in the county court and that the circuit court was without jurisdiction to hear and determine the controversy. The trial judge sustained the plea and dismissed the suit.

On appeal this Court held (1) that a tort claimant is not a "creditor" until he obtains judgment; (2) that the statute did not contemplate cases sounding in tort, and (3) that there was no requirement that copies of the declaration (complaint) be filed in the county court.

*McMahan v. Beach,* 198 Tenn. 168, 278 S.W.2d 680 (1955) cites *Collins* and relying thereon holds that the six months exemption from suit given administrators, does not apply to tort actions.

In *Darby v. Union Planters N. Bank,* 222 Tenn. 417, 436 S.W.2d 439 (1968), this Court again followed *Collins,* and held that a tort claimant was not a creditor prior to judgment. Therefore, the Court held that the probate court could not entertain a malpractice claim.

Citing *Collins,* it is pointed out in Sec. 659, Caruthers History of a Lawsuit, 8th Ed., that "it is not necessary to file duplicate copies of the plaintiff's declaration in the probate court". Precisely the same conclusion is reached in Sec. 743(2) Phillips' Prichard Law of Wills.

We think it clear that Sec. 30–511, T.C.A., requiring that duplicate copies of the first pleading be filed in the probate courts relates only to the claims contemplated in Sec. 30–510, T.C.A., and has no application to claims sounding in tort.

Better practice, however, demands that the court in which the estate is being administered be put on notice of the pendency of a tort action in another court. Filing a copy of the complaint is sufficient to accomplish this.

Whenever the probate court is put on notice of the pendency of a tort action in another court by the filing of a copy of the complaint, or by any other good and sufficient means, the probate court must hold in abeyance a final distribution of the assets and the final settlement of the estate, pending the outcome of a tort action.

It results that the action of the County Court of Cumberland County in treating this as a claim and dismissing it was erroneous. The Court should have held the matter in abeyance pending the outcome of the tort action and the certification to it of a final judgment.

Reversed and Remanded.

COOPER, C. J., and FONES, BROCK and HARBISON, JJ., concur.