In the Matter of the ESTATE OF
Zeboim Cartter PATTEN,
Deceased, Appellee

v.

Thomas H. BATCHELOR, et
al., Appellants

v.

HAMILTON BANKSHARES, INC., et al.

Court of Appeals of Tennessee,
Eastern Section.

Oct. 18, 1983.

Permission to Appeal Denied by
Supreme Court Jan. 30, 1984.

Charles C. Cottam, of Krivcher & Magids, Memphis, for appellants.

Howard I. Levine, of Miller & Martin, Chattanooga, for appellee.

## OPINION

SANDERS, Judge.

This case involves the construction of T.C.A. § 30–524 as it relates to a tort action pending at the time of decedent's death.

Zeboim Cartter Patten died testate in Hamilton County on or about February 6, 1982. His will was filed for probate in the Chancery Court, Part II, Probate Division of Hamilton County. Letters testamentary were issued to Elizabeth Bryan Patten,

W.A. Bryan Patten and Z. Cartter Patten, III. At the time of Mr. Patten's death a suit was pending against him and others in the United States District Court for the Western District of Tennessee. The suit, as pertinent here, was by the former stockholders of First American Bank, referred to as "Batchelor Plaintiffs," against Mr. Patten as a director for Hamilton Bankshares, Inc. The complaint alleged violation of the U.S. Securities Act of 1933 and sought damages against Hamilton Bankshares and its directors and former directors for $7,000,-000. It also sought rescission of the contract with Hamilton Bankshares, Inc.

On August 10, 1982, the attorney for the Batchelor Plaintiffs sent a letter to the clerk and master of the chancery court enclosing a copy of the complaint in the pending suit. The executors of the Patten estate treated the letter and complaint as a claim against the estate and filed exceptions to the claim. The basis of the exceptions was that the plaintiffs in the *Bankshares* case had failed to revive the pending case against the executors and failed to send a certified copy of the order of revivor to the clerk of the court within six months of the date of notice to creditors as provided in T.C.A. § 30–524.

The Plaintiffs responded to the exceptions by insisting that, since their claim against Mr. Patten sounded in tort, the provisions of T.C.A. § 30–524 had no application to their cause of action.

The chancellor ordered a reference to the master to hear proof on the issues made by the exceptions; however, instead of offering proof of the parties entered into the following stipulations:

The Batchelor Plaintiffs, identified below, and the Executors of the Estate of Zeboim Cartter Patten, hereby stipulate to the following facts:

"1. On November 14, 1975, an action (the 'Action') was filed by Thomas M. Batchelor, *et al.* (herein the 'Batchelor Plaintiffs') against Hamilton Bankshares, Inc. and seventeen named directors and former directors of Hamilton Bankshares, Inc. in the United States District Court for the

Western District of Tennessee, No. C–75–511. The Action seeks rescission and damages under the Securities Act of 1933 and the Securities Exchange Act of 1934, specifically Rule 10(b)(5) promulgated thereunder.

"2. Zeboim Cartter Patten (the 'decedent') was a party defendant in the Action which was pending at the time of his death on February 6, 1982.

"3. Letters testamentary were granted to the executors of the decedent's estate on February 10, 1982, and notice to creditors of the decedent's estate, as required by T.C.A. Section 30–509, was duly published on February 19, 1982.

"4. As of the date of these stipulations, no certified copy of an order of revivor in the Action has been filed with the Clerk & Master of this Court.

"5. By letter dated August 10, 1982, attorneys for the Batchelor Plaintiffs mailed to the Clerk & Master of this Court an uncertified copy of the original complaint in the Action. Said letter and uncertified complaint were received by the Clerk & Master on August 12, 1982.

"6. The six-month period during which creditors of the decedent's estate may file their claims herein expired on August 19, 1982.

"7. As of the date of these stipulations no order of revivor has been issued in the Action. On June 21, 1982, a Motion of Plaintiffs for Substitution of Executors of deceased defendant was filed in the Action. As of the date of these stipulations no ruling has been made on said Motion.

"This *3* day of *December,* 1982."

The chancellor considered the exceptions based upon the stipulations and held that T.C.A. § 30–524 is applicable to all pending actions whether in contract or in tort; since the Plaintiffs had failed to comply with the statute, the exceptions to the claim were well taken, and dismissed the Plaintiffs' claim against the estate.

The Plaintiffs have appealed, presenting for review the issue of whether or not

T.C.A. § 30–524 applies to claims sounding in tort and whether the trial court erred in refusing to allow them to amend their claim to comply with the requirements of the statute.

We think the first issue is determinative of the case.

T.C.A. § 30–524 provides:

"All actions pending against any person at the time of his death, which by law may survive against the personal representative, shall be considered demands legally filed against such estate at the time of the filing with the clerk of the court in which the estate is being administered of a copy in duplicate of the order or revivor, one (1) of which copies shall be certified or attested, a notation of which shall be entered by the clerk in the record of claims, as in the case of other claims filed. Pending actions not so revived against the personal representative within six (6) months from the date of the notice to creditors shall, at the expiration of said period, abate. [Acts 1939, ch. 175, § 5; 1947, ch. 137, § 1; C.Supp. 1950, § 8196.6 (Williams, § 8196.5); Acts 1971 ch. 229, § 7.]"

█ This provision was originally enacted as § 5 of Chapter 175 of the Acts of 1939. Our courts have held in numerous cases that the Act of 1939 does not apply to actions sounding in tort. *Herring v. Estate of Tollett,* 550 S.W.2d 660 (Tenn.1977); *Darby v. Union Planters Nat'l Bank of Memphis,* 222 Tenn. 417, 436 S.W.2d 439 (1969); *McMahan v. Beach,* 198 Tenn. 168, 278 S.W.2d 680 (1955); *Collins v. Ruffner,* 185 Tenn. 290, 206 S.W.2d 298 (1947). Although the applicability of this limitation to the revivor requirements of § 30–524 has never been directly addressed by our appellate courts, we think that prior decisions have made it clear that the entire Act of 1939 was intended to govern the claims of "creditors." Those decisions have also made it clear that tort claimants are not included in the class of creditors to which the Act applies. *See Collins v. Ruffner, supra.*

In the *Collins* case the administrator challenged the right of the plaintiff to maintain a tort action on the grounds the plaintiff had failed to comply with that part of the 1939 Act now codified as T.C.A. § 30–511, requiring duplicate copies of the pleadings to be filed with the clerk of the court where the administration originated. The court quoted with approval as follows:

"In *Langford v. Fly,* 26 Tenn. 585, 586, the Court said: 'A party who has a right of action for a tort, cannot be deemed a "creditor" until he obtains a judgment. The wrong-doer is in no sense a debtor by reason of the wrong, until the judgment of a court shall fix upon him a pecuniary burden for the redress of the wrong.' "

The court also said:

"It has been argued that plaintiff should have filed copies of her declaration in this case in the county court and that her failure to do so is fatal to her suit.

"The conclusive answer to this contention is that the 1939 Act makes no such requirement, as cases sounding in tort were not contemplated."

It would be incongruous to apply this limitation piecemeal to some parts of the Act but not others. Thus, although § 30–524 is not by its express terms limited to contract claims, it must be read in light of the interpretative gloss given the entire Act by prior decisions. *See Herring v. Estate of Tollett, supra.*

The Appellee relies strongly on the case of *Windsor Hosiery Mills, Inc. v. Haren,* 222 Tenn. 479, 437 S.W.2d 248 (1969) in support of the chancellor's holding. The *Haren* case is not controlling in the case at bar in that it sounded in contract and not in tort.

█ Appellants correctly contend that suits alleging violations of the federal securities laws are in the nature of tort actions. *See Moscarelli v. Stamm,* 288 F.Supp. 453 (E.D.N.Y.1968); *Crist v. United Underwriters, Ltd.,* 230 F.Supp. 136 (D.Colo.1964); *Kardon v. National Gypsum Co.,* 69 F.Supp. 512 (E.D.Pa.1946). Under the law of Tennessee as well, actions for damages based on a seller's misrepresentation are con-

sidered to sound in tort. *Vance v. Schulder,* 547 S.W.2d 927 (Tenn.1977); *Mashburn v. Thornton,* 35 Tenn.App. 216, 244 S.W.2d 173 (1951). Thus, § 30–524 did not apply to the *Batchelor* action and the chancellor erred in sustaining the executors' exception to the claim. The proper procedure in a case such as this one, as in others sounding in tort, is to put the probate court on notice by filing a copy of the complaint so that final distribution of the estate may be held in abeyance pending conclusion of the tort suit. *Herring v. Estate of Tollett, supra.* That procedure was followed in this case.

The decree of the chancellor is reversed and the case is remanded for the entry of a decree in keeping with this opinion. The cost of this appeal is taxed to the Appellee.

PARROTT, P.J., and FRANKS, J., concur.