IN THE COURT OF APPEALS OF TENNESSEE
AT KNOXVILLE
Submitted on Briefs February 14, 2006

## CHARLES C. WILEY v. CLARENCE WILLIAMS, ET AL.

**Appeal from the Chancery Court for Sevier County**
**No. 05-6-221     Telford E. Forgety, Jr., Chancellor**

_____

**No. E2005-02518-COA-R3-CV - FILED APRIL 10, 2006**

_____

The issues presented in this appeal are whether the trial court erred in dismissing the Plaintiff's complaint based on the doctrine of prior suit pending, and its determination that the Chancery Court lacked jurisdiction to hear a claim for unliquidated damages for personal injuries. We hold that the doctrine of prior suit pending is not applicable in this case, because Plaintiff's claims in this case involve neither the same parties nor subject matter identical to that in the prior lawsuit filed in Probate Court, and because the Probate Court would not have had jurisdiction over Plaintiff's claims filed in Chancery Court, had they been raised there. We further hold that, pursuant to the Supreme Court's decision in *Flowers v. Dyer County,* 830 S.W.2d 51 (Tenn. 1992) and its progeny, the Chancery Court erred in dismissing Plaintiff's claim for unliquidated damages for personal injuries, and we instruct the Chancery Court to transfer this claim to Circuit Court.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Chancery Court Vacated; Case Remanded**

SHARON G. LEE, J., delivered the opinion of the court, in which HERSCHEL PICKENS FRANKS, P.J., and CHARLES D. SUSANO, JR., J., joined.

Charles C. Wiley, Mountain City, Tennessee, *pro se* Appellant.

Devin J. Koester, Sevierville, Tennessee, for the Appellees, Clarence Williams, Grover C. Williams and Annette Williams.

## OPINION

### I. Factual and Procedural Background

Opal Williams, the mother of Plaintiff Charles C. Wiley, died on March 5, 2005. Mrs. Williams left a Last Will and Testament which was admitted to probate by order entered on April 14, 2005, in the Probate Court for Sevier County. The will provided, *inter alia*, that Mary Ruth Musick, her niece, would receive her automobile, and "any remaining cash assets from stocks and

money, after my debts have been paid and after the $5,000.00 bequest to Charles C. Wiley. . ." The will further bequeathed and devised all the "rest, residue and remainder of my property both real and personal and wherever situated, including but not limited to the land, residence and contents therein, at 2202 Shinbone Road. . .and [$5,000.00] cash. . .to my son, Charles C. Wiley." Mrs. Williams left nothing to her husband, Grover C. Williams. On June 10, 2005, Mr. Wiley brought this *pro se* action in Sevier County Chancery Court against Grover C. Williams (Mr. Wiley's father),[1] Clarence Williams (Grover C. Williams' son), and Annette Williams (Clarence Williams' wife). Mr. Wiley's complaint stated as follows in relevant part:

> Plaintiff avers Claim Number 2 as follows:[2]
> That the herein defendants. . .have maliciously, knowingly, and unlawfully been destroying Plaintiff's house, land and contents therein upon and situated at 2202 Shin-Bone Road, Sevierville, Tennessee, of which by [sic] (Exhibit A) a copy herein enclosed shows that plaintiff, Charles C. Wiley has become owner of said property by lawful and just means of his Mother's Last Will & Testament, which Opal Williams was sole owner of said property.
> *       *       *
> Plaintiff avers Claim Number 3 as follows:
> That Clarence Williams, defendant did unlawfully take, steal and dispose of $8,000.00 cash, between February 2005 and March 2005, while visiting Opal Williams, Mother of Plaintiff.
> The $8,000.00 belonged to Plaintiff and Plaintiff's Mother had said money hidden in her bedroom drawer, safekeeping for Plaintiff until his release from prison this year.
> *       *       *
> Plaintiff avers Claim [Number] 4 as follows:
> [T]hat defendants Clarence Williams, Grover Williams, and Anette [sic] Williams did maliciously, unlawfully and knowingly, steal, sell and dispose of Plaintiff's special items being:
> 1) Double deck boxes of Snap-On and Craftsman tools valued at $40,000.00;
> 2) thirty-eight (38) pairs of Seige-Field jeans valued at $1,520.00;
> 3) Thirty-four (34) shirts, flannel, dress, casual, valued at $272.00;
> 4) Thirty-four Arts & Crafts items, ranging from wooden pirate ships to 3-D Wall pictures to jewelry boxes, etc., all valued at $2,500.00.
> *       *       *

---

[1]Mr. Wiley refers to Mr. Williams as his father throughout the pleadings in the record. It is not completely clear whether Mr. Williams is Mr. Wiley's biological father; but the answer to that question is not particularly pertinent to this appeal.

[2]Mr. Wiley subsequently voluntarily agreed to dismissal of his Claim Number 1, and so the allegations of that claim are not at issue in this appeal.

Plaintiff avers Claim Number 5 as follows:

That defendant, Clarence Williams did maliciously, unlawfully, intentionally, and knowingly commit the sin and crime of Rape upon my seventy year old mother, Opal Williams by evidence of [a] letter she wrote Plaintiff telling him what Clarence Williams did to her, asking Plaintiff not to tell anybody because she would soon be deceased and it would save family embarrassment.

Rape occurred in September, 2004, time and exact day to be shown later. This burden laid upon the mind of Plaintiff while incarcerated, has taken it's [sic] mental toll on Plaintiff, causing severe mental stress, and anguish, mental pain and suffering, causing Plaintiff to take psychotic medication for the rest of his life to be able to deal with reality one day at a time.

         *          *          *

Plaintiff avers Claim [Number] 6 as follows:

. . .[D]efendant[s] Clarence Williams and Anette Williams, unlawfully, took over Plaintiff's property & house, with out any rental agreement contract or anything. Plaintiff Wiley sues defendants Clarence Williams and Anette Williams for rent payments in the amount of $2,500.00 for the time period they have unlawfully lived there without consent.

The Defendants filed a motion to dismiss, arguing that the doctrine of prior suit pending mandated dismissal. Defendants further argued that under T.C.A. § 16-11-102, the Chancery Court lacked jurisdiction to hear Mr. Wiley's Claim Number 5, because it was a claim for unliquidated damages resulting from alleged personal injuries.

Mr. Wiley filed a response to Defendants' motion, arguing, among other things, that several of his claims involved allegations of conversion of his own personal property, that were unrelated to his mother's estate and thus not at issue in the probate case. The Chancellor entered an order dismissing the lawsuit on October 7, 2005, stating only that "the Motion to Dismiss is well taken and this cause is hereby dismissed."

## II. Issues Presented

Mr. Wiley appeals, raising the following issues, as restated:

1. Whether the trial court erred in dismissing Mr. Wiley's action pursuant to the doctrine of prior suit pending.

2. Whether the trial court erred in dismissing Mr. Wiley's claim for unliquidated damages for personal injuries pursuant to T.C.A. § 16-11-102.

### III. Standard of Review

In support of their motion to dismiss, Defendants filed copies of pleadings filed in Probate Court, the deed for the purchase of the marital residence of Opal and Grover Williams, and an affidavit of the Sevier County Register of Deeds. Because these are matters outside the pleadings that were considered by the trial court, we must treat the motion to dismiss as one filed pursuant to Tenn. R. Civ. P. 56, *i.e.,* as a motion for summary judgment. *See* Tenn. R. Civ. P. 12.02 ("If, ..., matters outside the pleadings are presented to and not excluded by the court, the motion shall be treated as one for summary judgment and disposed of as provided in Rule 56."); *Hart v. Joseph Decosimo and Co., LLP*, 145 S.W.3d 67, 71 (Tenn. Ct. App. 2004).

To be entitled to a summary judgment, the moving party must demonstrate that no genuine issues of material fact exist, and that he or she is entitled to judgment as a matter of law. *See* Tenn. R. Civ. P. 56.04; *Byrd v. Hall,* 847 S.W.2d at 210; *Planet Rock, Inc. v. Regis Ins. Co.,* 6 S.W.3d 484, 490 (Tenn. Ct. App. 1999). A summary judgment should not be granted, however, when a genuine dispute exists with regard to any material fact. *Seavers v. Methodist Med. Ctr.,* 9 S.W.3d 86, 97 (Tenn. 1999); *Hogins v. Ross,* 988 S.W.2d 685, 689 (Tenn. Ct. App. 1998). Our task on appeal is to review the record to determine whether the requirements for granting summary judgment have been met. *See Hunter v. Brown,* 955 S.W.2d 49, 50-51 (Tenn. 1997); *Aghili v. Saadatnejadi,* 958 S.W.2d 784, 787 (Tenn. Ct. App. 1997). Tenn. R. Civ. P. 56.04 provides that summary judgment is appropriate where: (1) there is no genuine issue with regard to the material facts relevant to the claim or defense contained in the motion, *see Byrd v. Hall*, 847 S.W.2d at 210; and (2) the moving party is entitled to a judgment as a matter of law on the undisputed facts. *See Anderson v. Standard Register Co.*, 857 S.W.2d 555, 559 (Tenn. 1993). A party seeking a summary judgment must demonstrate the absence of any genuine and material factual issues. *Byrd v. Hall,* 847 S.W.2d at 214.

When the party seeking summary judgment makes a properly supported motion, the burden shifts to the non-moving party to set forth specific facts establishing the existence of disputed, material facts which must be resolved by the trier of fact. *See Byrd v. Hall*, 847 S.W.2d at 215; *Robinson v. Omer*, 952 S.W.2d 423, 426 (Tenn. 1997). The non-moving party may not simply rest upon the pleadings, but must offer proof by affidavits or other discovery materials (depositions, answers to interrogatories, and admissions on file) provided by Rule 56.06 showing that there is a genuine issue for trial. If the non-moving party does not so respond, then summary judgment, if appropriate, shall be entered against the non-moving party. Tenn. R. Civ. P. 56.06.

Summary judgments do not enjoy a presumption of correctness on appeal. *See Nelson v. Martin,* 958 S.W.2d 643, 646 (Tenn. 1997); *City of Tullahoma v. Bedford County,* 938 S.W.2d 408, 412 (Tenn. 1997). Accordingly, when we review a summary judgment, we view all the evidence in the light most favorable to the non-movant, and we resolve all factual inferences in the non-movant's favor. *See Luther v. Compton,* 5 S.W.3d 635, 639 (Tenn. 1999); *Muhlheim v. Knox County Bd. of*

*Educ.,* 2 S.W.3d 927, 929 (Tenn. 1999). A summary judgment will be upheld only when the undisputed facts reasonably support one conclusion - that the moving party is entitled to a judgment as a matter of law. *See White v. Lawrence,* 975 S.W.2d 525, 529 (Tenn. 1998); *McCall v. Wilder,* 913 S.W.2d 150, 153 (Tenn. 1995). We will affirm a summary judgment on different grounds than those relied on by the trial court upon our determination that the trial court reached the correct result. *Clark v. Metropolitan Government of Nashville and Davidson County*, 827 S.W.2d 312 (Tenn. Ct. App. 1991).

## IV. Analysis

### A. Prior Suit Pending Doctrine

The issue of the applicability of the prior suit pending doctrine is a question of law. Our review, therefore, is *de novo* on the record, with no presumption of correctness regarding the trial court's judgment. *Fidelity & Guaranty Life Ins. Co. v. Corley*, 2003 WL 23099685 at *3; 2003 Tenn.App. LEXIS 940, C/A No. W2002-02633-COA-R9-CV (Tenn. App. W.S., filed Dec. 31, 2003); *Taylor v. Transmission Corp. of America, Inc,* C/A No. E2003-02529-COA-R3-CV, 2004 WL 2853300 at *2, 2004 Tenn. App. LEXIS 831 at *4 (Tenn. App. E.S., filed Dec. 13, 2004).

Under the prior suit pending doctrine, "where two courts have concurrent jurisdiction over a matter, the court first taking jurisdiction acquires exclusive jurisdiction over the matter, and the subsequent action must be dismissed." *Id.; accord Kizer v. Bellar*, 241 S.W.2d 561, 563 (Tenn.1951). To obtain a dismissal of a subsequent action under the doctrine of prior suit pending, the two suits must 1) involve the identical subject matter; 2) be between the same parties; and 3) the former suit must be pending in a court in this state having jurisdiction of the subject matter and the parties. *Cockburn v. Howard Johnson, Inc.*, 385 S.W.2d 101, 102 (Tenn. 1964).

In the present case, we are of the opinion that a close analysis of the issues and claims presented yields the conclusion that the two lawsuits involve neither identical parties nor identical subject matter. The case pending in Probate Court is an *in rem* proceeding and involves solely the estate of Opal Williams. The parties to the Chancery Court proceeding are Mr. Wiley, Grover Williams, Clarence Williams and Annette Williams. Annette Williams is a beneficiary of the will,[3] but is not a party to the probate proceedings. Mr. Wiley has involved himself in the probate proceedings by filing a pleading styled "Notice of Contest and Petition for Collection of Debt" in the Probate Court. Clarence Williams filed in Probate Court, as next friend and on behalf of Grover Williams, a "petition for elective share, year's support and exempt property," alleging that Grover Williams was then 92 years old and suffering from advanced Alzheimer's Disease. But it is apparent from the Probate Court pleadings filed in this record that Clarence Williams is not a party to the probate proceedings in his own right, only on behalf of his father, Grover Williams.

---

[3]Opal Williams' will leaves one item of personal property to Annette Williams, namely, "the Vern Hippensteal painting of the Old Log Cabin."

Thus, the present case filed in Chancery Court does not involve the identical parties as are involved in the Probate Court action. More importantly, we find that Mr. Wiley's complaint in this case alleges claims over which the Probate Court does not have jurisdiction. Mr. Wiley's Claims Number 3 and 4, quoted in Section I above, are essentially claims of conversion of his own personal property, not assets of Opal Williams' estate. His claim against Clarence Williams for $8,000 involves the allegation that Mr. Williams took his money from Opal Williams' residence while she was still alive. Likewise, Mr. Wiley has stated a claim for conversion of items of his own personal property, such as tools and clothing, that were stored at Opal Williams' house while he was incarcerated. The Probate Court does not have jurisdiction to determine claims involving property not part of the decedent's estate. Viewing all the evidence in the light most favorable to the non-movant, and resolving all factual inferences in the non-movant's favor, we hold that Mr. Wiley's claims regarding his alleged personal property should not have been summarily dismissed.

Mr. Wiley's Claims Number 2 and 6 quoted above are essentially for damages due to the Defendants' alleged destruction and occupation of the house and property at 2202 Shinbone Road in Sevierville. The ownership of the subject matter of these claims, as property of the estate, is precisely at issue before the Probate Court. It does not necessarily follow, however, that Mr. Wiley's claims in this lawsuit should be summarily dismissed under the prior suit pending doctrine, because while they are dependant upon the outcome of the Probate Court's determination of ownership of the property, they are not identical claims to those presented in Probate Court. In fact, because they essentially sound in tort and are not claims against the estate, but rather against third parties, it is doubtful that the Probate Court has jurisdiction to hear them. *See* T.C.A. §§ 16-16-107; 16-16-201(a); 1-3-105(23); 32-3-109; 32-4-109; *Herring v. Tollett,* 550 S.W.2d 660, 662 (Tenn. 1977); *Collins v. Ruffner,* 206 S.W.2d 298, 301 (Tenn. 1947); *Darby v. Union Planters Nat'l Bank of Memphis,* 436 S.W.2d 439, 441 (Tenn. 1969); *Monteverde v. Christie,* 134 S.W.2d 905, 910 (Tenn. Ct. App. 1939).

In other words, Mr. Wiley's claims for damages resulting from the allegation that the Defendants have "maliciously, knowingly, and unlawfully been destroying Plaintiff's house, land and contents therein upon and situated at 2202 Shin-Bone Road, Sevierville, Tennessee" are contingent upon the Probate Court ruling that the house and property at issue are actually Mr. Wiley's property. Even if the Probate Court makes such a determination, however, that court would not have jurisdiction to then award Mr. Wiley damages for a tort claim against a defendant not even before the court resulting from his alleged destruction and unlawful occupation of the property. The prior suit pending doctrine thus does not apply to Mr. Wiley's claims in this case.

We are of the opinion that the trial court should hold in abeyance its determination of these claims, until the Probate Court has made an adjudication of the ownership of the property of the estate at issue. If the Probate Court determines that Mr. Wiley is not the owner of the property at issue, then the time will be ripe for summary judgment in Defendants' favor. If, however, the Probate Court rules that Mr. Wiley owns the property, then our declination to apply the prior suit pending doctrine at this juncture will afford him his "day in court" and the opportunity to have his claims heard.

### B. Claim for Unliquidated Damages for Personal Injury

The trial court ruled that it lacked jurisdiction to hear Mr. Wiley's Claim Number 5 for his alleged injuries resulting from the alleged rape of his mother by Clarence Williams, pursuant to T.C.A. § 16-11-102, which provides:

> (a) The chancery court has concurrent jurisdiction, with the circuit court, of all civil causes of action, triable in the circuit court, *except for unliquidated damages for injuries to person or character*, and except for unliquidated damages for injuries to property not resulting from a breach of oral or written contract; and no demurrer for want of jurisdiction of the cause of action shall be sustained in the chancery court, except in the cases excepted.

> (b) Any suit in the nature of the cases excepted above brought in the chancery court, where objection has not been taken by a plea to the jurisdiction, may be transferred to the circuit court of the county, or heard and determined by the chancery court upon the principles of a court of law.

[Emphasis added].

We agree with the Chancery Court that this claim is one for unliquidated damages for an alleged personal injury, and therefore it did not have jurisdiction. However, in the case of *Flowers v. Dyer County,* the Supreme Court, presented with a GTLA claim filed in Chancery Court, ruled that "[i]mplicit in the provisions of T.C.A. § 16-11-102 is the positive inference that, where a jurisdictional objection has been made, such a transfer [from Chancery to Circuit Court] is mandated." *Flowers,* 830 S.W.2d 51, 53 (Tenn. 1992); *accord Norton v. Everhart,* 895 S.W.2d 317, 320 (Tenn. 1995); *Woods v. MTC Management,* 967 S.W.2d 800, 802 (Tenn. 1998). The Defendants raised a jurisdictional objection to Mr. Wiley's Claim Number 5, but not as to any other of his claims. We hold that under *Flowers* and its progeny, the Chancery Court should not have summarily dismissed Mr. Wiley's claim, but was required to transfer it to Circuit Court instead. In so ruling, we express no opinion as to the merits of this claim, nor as to the merits of any of Mr. Wiley's other claims.

### *V. Conclusion*

For the aforementioned reasons, the judgment of the Chancery Court is vacated, and the case remanded for a hearing of Mr. Wiley's Claims Number 3 and 4. The Chancery Court shall hold in abeyance Mr. Wiley's Claims Number 2 and 6, pending the Probate Court's ruling as to ownership of the property at issue in those claims. The Chancery Court shall transfer Mr. Wiley's Claim Number 5 to Sevier County Circuit Court. Costs on appeal are assessed to the Appellees, Clarence Williams, Grover Williams and Annette Williams.

_____
SHARON G. LEE, JUDGE