HENRY HOLCOMB vs. THE TOWN OF WINCHESTER.

52  447
63  263

A claim for a tort is not a "debt" within the meaning of that term as used in the statute with regard to foreign attachment.

And it makes no difference that a suit has been brought for the tort, and that the case stands for a hearing in damages after a default.

[Argued January 7th—decided January 19th, 1885.]

SCIRE FACIAS upon a process of foreign attachment; brought, by appeal from a justice of the peace, to the Court of Common Pleas of Litchfield County, and tried before *Warner, J.* Facts found and judgment rendered for the plaintiff and appeal by the defendants. The case is fully stated in the opinion.

*P. S. Bryant*, for the appellants.

*F. A. Jewell*, for the appellee.

LOOMIS, J. This is a complaint of scire facias against the defendant town as the debtor of one Tuttle, based upon a foreign attachment served upon the town in which Tuttle was defendant. The claimed indebtedness of the town was predicated solely upon these facts:—Tuttle had brought a suit against the town to recover damages for a personal injury received through a defective highway in consequence of the negligence of the town. On the 30th of August, 1883, the town suffered a default and moved for a hearing in damages. On the 13th of September next following the town was served with the process of foreign attachment in favor of the present plaintiff and against Tuttle, and afterwards on the 26th day of the same month judgment was rendered in favor of Tuttle.

The only question is, whether upon these facts there was a debt due from the town to Tuttle on the 13th of September, 1883, within the meaning of the term as used in our statutes concerning foreign attachment.

Although it must be conceded that the tendency both of

legislation and of judicial decisions in this state has been to extend the scope of foreign attachment, yet we have discovered no inclination to pass beyond the line that separates claims for a breach of contract from those founded upon tort. To hold that the word "debt" as used in the statute concerning foreign attachment includes a right of action for a tort before it had become merged in a judgment, would be to transcend all rules for the construction of statutes, even the most liberal, and to do violence to the accepted legal meaning of the term.

In other jurisdictions it has long been considered well settled that the word "debt" as used in the law of garnishment, (as the process is elsewhere usually termed,) includes only legal debts, or causes of action for which debt or assumpsit may be maintained, but never includes claims for torts. Freeman on Executions, §§ 162, 167; *Cook* v. *Walthall*, 20 Ala., 334; *Victor* v. *Hartford Fire Ins. Co.*, 33 Iowa, 210; *Foster* v. *Dudley*, 30 N. Hamp., 463; *Getchell* v. *Chase*, 37 id., 106.

In the case under consideration the plaintiff's counsel during the argument virtually conceded the above principle as applicable to the claim of Tuttle at any time prior to the default, but earnestly contended that as the default acknowledged Tuttle's right to recover nominal damages, the claim thereby became a debt. But the office of a default is not to change in the least the nature of the demand in suit, but merely to dispense with the necessity of certain proof. It would be strange if a tort could be changed in its nature merely by being confessed. No action whatever will lie upon the default, but the right of action for the original tort remains through all the proceedings in court until merged in a judgment, and then it becomes a debt.

The authorities go so far as to hold that in actions of tort, even where the damages have been actually liquidated by a verdict, there is no debt until judgment is rendered. *Thayer* v. *Southwick*, 8 Gray, 229; *Cranch* v. *Gridley*, 6 Hill, 250; *Kellogg* v. *Schuyler*, 2 Denio, 73.

In *Thayer* v. *Southwick*, above cited, Southwick had

brought an action of tort against the city of Boston, and on the 20th of April, 1854, obtained a verdict in his favor against the city for twelve thousand dollars and costs, but no judgment was rendered on the verdict till the 8th of May following; and after verdict and before judgment, namely, on the 29th of April, 1854, the writ was served on the city as trustee of Southwick, who had obtained his verdict. SHAW, C. J., in delivering the opinion of the court, said:—" The original cause of action did not render the city liable as trustee, because it is a cause of action arising from tort. The verdict did not convert it into a debt; no action would lie on it. It could not constitute a debt till judgment should be rendered on it. * * * The city owed the principal nothing when the trustee writ was served on them."

There was error in the judgment complained of and it is reversed.

In this opinion the other judges concurred.