STEWART, ADMR., v. WALTERBORO AND WESTERN RY. CO.

1. RAILROADS—TORT—CREDITOR—WORDS AND PHRASES.—Where two railroad companies consolidate under the general railroad law, one corporation so consolidated is not dissolved so as to relieve it of its liability for a tort previously committed. The term "creditor," in Rev. Stat., providing for consolidation of railroad companies, embraces one having a claim for damages against a consolidating company arising out of a tort.

2. IBID.—PLEADINGS—AMENDMENTS.—Where an action for tort is commenced against a railroad company, which, since committal of tort but before action commenced, has consolidated with another, the complaint cannot be amended by inserting the name of the new corporation for that of the consolidating company.

Before WATTS, J., Colleton, November, 1900.    Modified.

Action by Ben Stewart, administrator of Lisbon Stewart, against Walterboro and Western Railway Co.    From order dismissing complaint, plaintiff appeals.

*Messrs. C. C. Tracy* and *Griffin & Padgett,* for appellant, cite*: Consolidation of the two companies does not dissolve either:* Rev. Stat., 1615-1622; 4 Ency., 272, and note 2; 92 U. S., 670; 16 Ind., 172; 98 U. S., 359; 29 Ind., 465; 75 Ill., 624; 49 Ala., 582; 14 Pet., 46; 120 Mass., 397; 44 S. C., 526.    *Plaintiff should have been permitted to amend by making new corporation party defendant:* 29 Ind., 465; Code, 194; 13 S. C., 495; 35 S. C., 367; 43 S. C., 225; 54 S. C., 114; 53 S. C., 215; 30 S. C., 564; 26 S. C., 415; 39 S. C., 216; 37 S. C., 335; 27 S. C., 92; 36 S. C., 310; 50 S. C., 297.

*Messrs. Howell & Gruber,* contra, cite: *Was the defendant company dissolved by consolidation?* Rev. Stat., 1615, 1616, 1617, 1618; 27 S. C., 391; 98 U. S., 359; 92 U. S., 665; 95 U. S., 323; 1 Wall., 40; 6 Supt. Ct. R., 194.    *It is proper to refuse amendment:* 32 S. C., 142; Rev. Stat., 2317.

April 21, 1902.   The opinion of the Court was delivered by

MR. JUSTICE GARY.   The appeal herein raises two questions: 1. Whether his Honor, the Circuit Judge, erred in ruling that the defendant, the Walterboro and Western Railway Co., was dissolved upon its consolidation with the Green Pond, Walterboro and Branchville Railway Co., thereby rendering it necessary that the action should be brought against the new consolidated corporation; and 2. Whether there was error in refusing the application for leave to amend.

The complaint alleges that in April, 1897, Lisbon Stewart, the plaintiff's intestate, was injured, through the negligence of the defendant, and died on the 25th October, 1898, in consequence of such injury.  Letters of administration were granted on the 10th October, 1900, and soon thereafter this action was commenced.   The defendant in its answer interposed two defenses, the first not being involved in this appeal.   The second defense alleges that in February, 1900, the Walterboro and Western Railway Co. and the Green Pond, Walterboro and Branchville Railway Co., each being a domestic corporation owning and operating a railroad (the roads owned and operated by the said corporations forming a continuous line with each other and all being within this State), were consolidated under the general statute law of this State, the new consolidated corporation being the Green Pond, Walterboro and Branchville Railroad Company. The defendant moved for judgment on the pleadings dismissing the action, which was granted.   The plaintiff asked leave to amend by striking out the name of the Walterboro and Western Railway Co., and inserting instead thereof the name of the Green Pond, Walterboro and Branchville Railroad Co. His Honor refused the application because he did not think he had authority to allow the amendment, under the case of *Lily* v. *R. R. Co.,* 32 S. C., 142.

We will first consider whether the Circuit Judge erred in ruling that the action could not be maintained against the de-

fendant. The Revised Statutes contains the following sections: Sec. 1615. "It shall be lawful for any railroad company organized under the laws of this State, and operating a railroad either wholly within or partly within and partly without this State, under authority of this and any adjoining State, to merge and consolidate its capital stock, franchises and property with those of any other railroad company or companies organized and operated under the laws of this or any other State, whenever two or more railroads of the companies proposed to be consolidated shall form a continuous line of railroad with each other or by means of any intervening railroad. * * *" Sec. 1617. "Upon the making and perfecting the agreement and act of consolidation, and filing the same or a copy with the secretary of State, as provided in the preceding section, the several corporations, parties thereto, shall be deemed and taken to be one corporation, by the name provided in said agreement and act, possessing within this State all the rights, privileges and franchises, and subject to all restrictions, disabilities and duties of each of such corporations so consolidated." Sec. 1618. "Upon the consummation of the act of consolidation as aforesaid, the rights, privileges and franchises of each of said corporations, parties to the same, and all the property, real and personal and mixed, and all the debts due on whatever account, as well as stocks, subscriptions and other things in action, belonging to each of such corporations, shall be taken and deemed to be transferred to and vested in such new corporation, without further act or deed; and all property, rights of way, and every other interest shall be as effectually the property of the new corporation as they were of the former corporations, parties to said agreement; and the title to real estate either by deed or otherwise under the laws of this State, vested in either of such corporations, shall not be deemed to revert, or to be in any way impaired by reason of this article; *but all rights of creditors* and all liens upon the property of said corporations *shall be preserved unimpaired; and the respective corporations may be deemed to continue in*

*existence to preserve the same;* and all debts and liabilities and duties of either of said companies shall henceforth attach to said new corporation and be enforced against it to the same extent as if said debts, liabilities and duties had been incurred or contracted by it" (italics ours). We will first determine whether the word "creditor" comprehends the claim for damages set forth in the complaint.

In 8 Enc. of Law (2d ed.), 238, it is said: "In a strict literal sense, a creditor is one who voluntarily trusts or gives credit to another for money or other property; but in a more general and extensive sense of the term, a creditor is one who has a right to recover money of another on any account whatever. Thus, in statutes avoiding sales and conveyances in fraud of creditors, the term 'creditors' has been held to include persons entitled to damages for torts." In the note on page 240 of that volume, we find the following: "A New York statute provided that, upon the dissolution of a corporation, its directors should, unless other persons were appointed, be the trustees of the *creditors* and stockholders. It was held that the word *creditors* included all those to whom the corporation was under any enforceable obligation at the time of its dissolution, as well as those to whom it was indebted, and, therefore, one having a cause of action for the loss of services of his son, who had been injured while in the employment of the company, was a creditor." Citing *Marstaller* v. *Mills,* 143 N. Y., 398. The note on page 573, vol. 4, Enc. of Law (1st ed.), is as follows: "The term creditor does not mean simply a person to whom a debt is due—that is but its usual meaning; but it further denotes a person to whom any obligation is due, and this is its unusual meaning, A creditor, according to the definition of Bouvier, 'is he who has the right to require the fulfilment of an obligation or contract.' In this large sense it means more than the person to whom money is owing. Webster's definition of the word is a 'person to whom a sum of money or other thing is due by obligation, promise or in law.' Beasley, C. J., in *N. J. Ins. Co.* v. *Meeker,* 37 N. J. L., 300." The author also cites the

following from *Stanley* v. *Ogden,* 2 Root (Conn.), 261, to wit: "In a strict legal sense, a creditor is he who voluntarily trusts and gives credit to another for a sum of money or other property upon bond, bill, note, book or simple contract. In a more liberal sense, he is a creditor who has a legal demand upon another for money or other property which has got into the hands of another without his consent, by mistake or accident, which he is entitled to have, or to a compensation in damages for, upon the ground of an implied promise. In a more general or extensive sense of the term, he is a creditor, who has a right by law to demand and recover of another a sum of money on any account whatever." These authorities are in harmony with our cases of *Lowry* v. *Pinson,* 2 Bail., 324, and *Flenniken* v. *Marshall,* 43 S. C., 80. Having reached this conclusion, it necessarily follows from the express language of the statute which we have italicised, that the defendant was not dissolved as a corporation, in so far as the rights of this plaintiff are involved, and his Honor erred in ruling otherwise. *State* v. *Ry. Co.,* 45 S. C., 434.

We proceed to consider whether there was error in refusing the application for leave to amend. The case of *Lily* v. *R. R. Co.,* 32 S. C., 142, sustains the ruling of the Circuit Judge. The writer of this opinion takes occasion to say that he is not satisfied with the doctrine announced in that case, as it is out of harmony with the liberal spirit of amendment manifested by the Code. It is, however, binding as an authority until the Court reaches a contrary conclusion, and disposes of the question under consideration.

It is the judgment of this Court, that the judgment of the Circuit Court be reversed, and the case remanded to that Court for a new triel.

MR. CHIEF JUSTICE MCIVER *dissents.* Believing that the action should have been brought against the new corporation.