12611

NEWMAN v. LEMMON *ET AL.*

(147 S. E., 439)

*Messrs. Harby, Nash & Hodges,* and *Mendel L. Smith,* for appellant,

*Messrs. Epps & Levy,* and *Lee & Moise,* for respondents,

March 12, 1929.

The opinion of the Court was delivered by MR. JUSTICE COTHRAN.

Action for damages on account of injuries alleged to have been sustained by Addie Lee Newman, a young girl, resulting from the negligence of Dr. E. R. Wilson in connection with an operation for tonsilitis June 6, 1919, and the treatment of the patient after the operation; she died on June 7th, in the early morning after the operation. The case was tried before his Honor, Judge Mann, and a jury, and at the close of the testimony for the plaintiff his Honor granted the defendant's motion for a nonsuit upon the grounds: (1) That the action was barred by the statute of limitations; and (2) that there was no evidence in the case tending to show negligence or willfulness on the part of the physician. From the judgment of nonsuit the plaintiff has appealed, upon exceptions which raise the question hereinafter considered.

It will be observed that his Honor, the Circuit Judge, sustained the plea of the bar of the statute of limitations upon the ground that the limitation of actions under Section 367, Code of Civ. Proc. (Lord Campbell's Act), provided for in Section 369, "six years from the death of such person," applied to actions under Section 375 (survival statute), and that actions under either Lord Campbell's Act or under the survival statute were not tolled by the provisions of Section 374, which inhibits the commencement of actions against an executor or administrator "for the recovery of the debts due by the testator or intestate, until twelve months after such testator's or intestate's death."

We do not deem it necessary to pass upon the correctness of this position, but will address ourselves to the main battle ground upon which the conflict has been pitched by counsel on both sides, namely: Does the statute prohibiting suits against an executor *for the recovery of the debts due by the testator,* until 12 months after the testator's death, apply to actions *for a tort* committed by the decedent, so that the period of limitation is extended for a year?

The wrong complained of is alleged to have been committed on June 6, 1919; the patient died on June 7th. Under

ordinary conditions, the action would have been barred on June 6, 1925, six years. Section 331, Code Civ Proc. The defendants' testator, Dr. Wilson, died September 29, 1924. The plaintiff was appointed administrator of the deceased child January 3, 1925, and the action was instituted October 21, 1925, four months after the six-year period of limitation had expired. If Section 374 may be construed as tolling the statute of limitations for a year, the plaintiff was within the time thus extended; otherwise, not.

The invariable construction given by this Court to the original Act of 1789, 5 Stat., 112, and to Section 374 of the Code, which is a reproduction of the Act of 1789, except that the time has been enlarged from 9 months to 12, is that, when the statute has erected a bar of a period within which actions against a personal representative may not be brought, it would manifestly be unjust to include that period in the period allowed for commencing an action, the effect of which is to add 12 months to the period of limitation fixed by statute. *Gaston v. Gaston,* 80 S. C., 163, 61 S. E., 393; *Moses v. Jones,* 2 Nott & McC., 259; *Nicks v. Martindale,* Harp., 135, 18 Am. Dec., 647; *McCollough v. Speed,* 3 McCord, 455; *Lawton v. Bowman,* 2 Strob., 190; *Cleveland v. Mills,* 9 S. C., 430; *Moore v. Smith,* 29 S. C., 254, 7 S. E., 485.

. The plaintiff contends that, as Dr. Wilson died on September 29, 1924, within the 6-year period from June 6, 1919, the plaintiff's hands were tied for a year from September 29, 1924, under Section 374; that accordingly the period of limitation did not expire until June 6, 1926, and that the action commenced in October, 1925, was within time. This contention presents Section 374 for analysis and construction; the issue being whether a claim for damages resulting from a tort is a "debt" within the purview of that Section.

The Section reads thus: "No action shall be commenced against any executor or administrator for the recovery of the debts due by the testator or intestate, until twelve months after such testator's or intestate's death."

The principle upon which the plaintiff's contention is based is thus expressed by his counsel in the printed brief submitted: "It is our contention that the debts upon which suit should not be brought included any sort of obligations which might be made the subject-matter of a proceeding in Courts whether the same sounded in tort or contract."

Tested by this rule, an action for the recovery of real estate would be a debt, or an action for the specific performance of a contract would be a debt. We hardly think that such a contention would be made. Doubtless, as counsel urge, the object of the statute was to give the personal representative a free rein to gather together the assets of the estate, undisturbed by the distractions of litigation in the meantime. It is true that this consideration would apply with equal, if not greater, force to claims for damages resulting from torts, but it does not decide the question at issue. The Legislature might have determined to relieve the representative from certain classes of litigation, and not from others, and that is manifestly what they did.

In *Ex parte Hollman*, 79 S. C., 9, 60 S. E., 19, 21 L. R. A. (N. S.), 242, 14 Ann. Cas., 1105, the Court said: "Debt is that which is due from one person to another, whether money, goods, or services, and whether payable at present or at a future time. * * * The term 'debt,' within the meaning of the Constitution, is usually held to embrace obligations arising out of contract and to exclude liability for tort and for fines imposed for crime."

"Ordinarily the term 'debt' does not include the obligation arising on account of a tort committed. * * *" 17 C. J., 1378.

In the case of *Ex parte Berry*, 85 S. C., 243, 67 S. E., 225, 20 Ann. Cas., 1344, Kimbrell sued Berry and recovered damages for an assault and battery, and upon a *nulla bona* return the plaintiff had an execution issued against the defendant under the provisions for arrest and bail. The defendant applied for a writ of *habeas corpus* and was refused his discharge by his Honor Judge Sease, who held that the

judgment in an action founded upon a tort is not a debt within the meaning of the Constitution. The Court said: "A few cases are to be found in which the doctrine is asserted that the inhibition against imprisonment for debt, except in cases of fraud, applies to the civil liability for torts; but the term 'debt,' as used in the Constitution, is held by the great weight of authority to embrace obligations arising out of contract, and to exclude liability for torts and fines imposed for crime"—citing authorities.

If the word "debt," as used in the Constitution *does not* include liability for tort, then we can see no good reason why the term "debt" as used in the Code *should* include liability for tort. "A claim for uncertain and unliquidated damages is not a debt. This is the settled doctrine of the Courts of law, and the same rule prevails in equity." *Jackson v. Bell,* 31 N. J. Eq., 554.

A verdict for the plaintiff in an action for tort will not convert the cause of action into a debt. Such a cause of action will not constitute a debt until judgment is rendered on it. Therefore a defendant, against whom a verdict has been rendered for a tort, is not subject to trustee process in an action against a plaintiff before judgment is rendered on such verdict. *Thayer v. Southwick,* 8 Gray (74 Mass.), 229. A liability for tort which has not been converted into a judgment is not a debt, within the Bankruptcy Act. *Crouch v. Gridley,* 6 Hill (N. Y.), 250.

"Debt," as used in Laws N. Y., 1848, c. 40, § 12, providing that the trustees of a manufacturing corporation shall in certain cases be liable for all of the debts of the company then existing and for all that shall be contracted, does not include the liability for a tort; for it does not grow out of a contract. *Esmond v. Bullard,* 16 Hun. (N. Y.), 65. "Debt," as used in a statute authorizing an attachment for debt, does not include a claim arising in tort. *Day v. Bennett,* 18 N. J. Law, 287; *Holcomb v. Town of Winchester,* 52 Conn., 447, 52 Am. Rep., 609; *Finlay v. Bryson,* 84 Mo.,

664; *El Paso Nat. Bank v. Fuchs,* 89 Tex., 197, 34 S. W., 206.

A claim for damages for a wrongful act, which demand was unliquidated, is not a debt, and cannot become so until it has been prosecuted to judgment. The claimant had only a disputed claim, not based upon or growing out of a contract, and cannot be considered a creditor. He has a claim for redress, but not debt. *Hill v. Bowman,* 35 Mich., 191. "Debt" is defined to be a "sum of money due by certain and express agreement." Consequently a right of action for a tort is not a debt, and does not come within the provision of the Constitution providing that "nothing contained in this Constitution shall impair the validity of any debts." *Parker v. Savage,* 6 Lea (74 Tenn.), 406.

Under Kentucky Statutes, § 2030, providing that a guardian may, with leave of Court, compound a debt or demand owing to the ward, the debt or demand does not include an unliquidated claim for damages for tort on behalf of the ward, so that a settlement of such a claim by the guardian, if made in good faith, is binding on the ward. *Manion v. Ohio Val. Ry.,* 99 Ky., 504, 36 S. W., 530.

"Debt" does not mean damages and an action to recover damages is not an action to recover debt. *Millington v. Texas & P. Ry. Co.,* 2 Willson, Civ. Cas. Ct. App., § 171.

A claim for damages is not a debt. *Clark v. Nevada Land & Mining Co.,* 6 Nev., 203. A debt embraces a sum of money arising upon a contract, expressed or implied, and not a mere claim for damages. Thus where, pending an action for libel, defendant therein died intestate, the claim of the plaintiff, even if meritorious, was not such a debt against the estate of the decedent as would prevent his widow, his sole heir at law, from taking possession of his estate without administration. See, also, note 34 L. R. A., 640; *Chase v. Curtis,* 113 U. S., 452, 5 S. Ct., 554, 28 L. Ed., 1038; *Maysville St. Railroad & Transfer Co. v. Marvin* (C. C. A.), 59 F., 91 (the opinion in this case cites many cases); *McElhaney v. Crawford,* 96 Ga., 174, 22 S. E.,

895; *Savage v. Shaw,* 195 Mass., 571, 81 N. E., 303, 122 Am. St. Rep., 272, 12 Ann. Cas., 806; *Manion v. Railroad Co.,* 99 Ky., 504, 36 S. W., 530; *Cable v. Gaty,* 34 Mo., 573, 86 Am. Dec., 126; *Dunlop v. Keith,* 1 Leigh (Va.), 430, 19 Am. Dec., 755.

We conclude, therefore, that the action is barred by the statute. It is unnecessary to consider the second ground upon which the nonsuit was granted.

The judgment of this Court is that the judgment of the Circuit Court be affirmed.

MR. CHIEF JUSTICE WATTS and MESSRS. JUSTICES BLEASE, STABLER and CARTER concur.