15298

HUBBARD v. BEVERLY ET AL.

(15 S. E. (2d), 740)

March, 1941.

*Mr. J. E. Dudley* and *Messrs. Tison & Miller,* all of Bennettsville, for appellants,

*Mr. J. K. Owens,* of Bennettsville, for respondents,

478

Counsel for appellants 

July 17, 1941.

The opinion of the Court was delivered by MR. ASSOCIATE JUSTICE BAKER.

This action was commenced in the Court of Common Pleas for Marlboro County ·on December 26, 1939, for the purpose of partitioning a thirty-acre tract of land situate in said county. By answer the respondents raised the issue of title thereto. The respondents, A. Z. Beverly, James Beverly, and Bertha Beverly, are the children of E. B. Beverly, and the appellants herein are the grandchildren of the said E. B. Beverly.

On February 15, 1911, E. B. Beverly executed a deed for the thirty-acre tract of land involved in this action, which conveyed this parcel of land to his wife, Sarah Jane Beverly, · in fee simple. This deed was recorded in the office of the Clerk of Court for Marlboro County on April 21, 1913. On August 4, 1928, E. B. Beverly executed his will, by the terms of which he undertook to devise to his wife, Sarah Jane Beverly, a life estate in said tract of land and the fee in remainder to the respondents herein. On July 27, 1934, E. B. Beverly died. Thereafter, his will was admitted to probate and A. Z. Beverly qualified as executor.

On June 7, 1938, Sara Jane Beverly (the wife) died, leaving in force her last will and testament which was dated December 11, 1925. A. Z. Beverly, her son, qualified as executor. By her will, Sara Jane Beverly made no mention whatsoever of the real estate involved in this action and disposed only of personal property thereby.

The cause was by agreement of counsel referred for the taking of testimony by a Special Referee which testimony consisted of numerous written instruments, the pertinent contents of which have been heretofore briefly set forth, and the verbal testimony of A. Z. Beverly and J. K. Owens, Esquire, which briefly recapitulated discloses that A. Z. Beverly acted as executor of his father's and mother's wills; that E. B. Beverly and Sara Jane Beverly, his father and mother, lived together on the tract of land involved in this action from the time that E. B. Beverly bought it with the exception of a period of about twenty years during which period they lived away from this tract of land but later returned and resided thereon until they died; that he, A. Z. Beverly, had made a diligent search for the deed, the record of which was admitted in evidence by agreement of counsel, but had been unable to find it among his mother's papers; that E. B. Beverly had managed and exercised full control of this thirty-acre tract of land throughout his entire life; that J. K. Owens, Esquire, prepared the wills of E. B. Beverly and Sara Jane Beverly; that Sara Jane Beverly and E. B. Beverly were present and gave him the information by which he prepared the will of E. B. Beverly and after preparing E. B. Beverly's will it was read over in the presence of E. B. Beverly and Sara Jane Beverly; that Sara Jane Beverly made no objection to the contents of the will of E. B. Beverly at the time it was prepared and read to them; that J. K. Owens prepared the will of Sara Jane Beverly and she thereby only disposed of personal property.

The testimony having been taken and reported to the Court, Judge M. M. Mann, on March 7, 1941, passed an order holding that the doctrine of estoppel was applicable to the facts disclosed by the testimony and that the heirs-at-law, *as such,* of Sara Jane Beverly were thereby barred of any right, title and interest in and to the property.

There are six exceptions to this order, but generally they raise only one question, to wit: Is the doctrine of estoppel

applicable to the facts of this cause? A solution of this query will dispose of the issues involved in this action.

The doctrine of estoppel applies if a person, by his actions, conduct, words or 'silence which amounts to a representation, or a concealment of material facts causes another to alter his position to his prejudice or injury. The citation of authority for this well-established postulate of law would only be a work of supererogation.

In the case of *Ott v. Ott et al.*, 182 S. C., 135, 140, 141, 188 S. E., 789, 792, Mr. Justice Bonham, now Chief Justice, quoted with approbation from 10 R. C. L., 697, 698, the following: " 'The final element of an equitable estoppel is that the person claiming it must have been misled into such action that he will suffer injury if the estoppel is not declared. That is, the person setting up the estoppel must have been induced to alter his position, in such a way that he will be injured if the other person is not held to the representation or attitude on which the estoppel is predicated. Furthermore, an equitable estoppel cannot arise except when justice to the rights of others demands. It was never intended *to work a positive gain to a party.*' (Italics added.)"

That essential element of the doctrine of equitable estoppel spoken of by Chief Justice Bonham in the case above quoted from, as the "final element" is not disclosed in the case at bar. We fail to find any evidence by which E. B. Beverly could have been *misled*. The rights of the respondents, the specific beneficiaries under the will of E. B. Beverly, insofar as the doctrine of estoppel is concerned must be measured according to the rights of E. B. Beverly himself. Prior to the execution of his will, E. B. Beverly had executed a deed conveying to Sara Jane Beverly this thirty-acre tract of land in fee simple. Consequently, no one knew better that he himself that he had previously conveyed same to Sara Jane Beverly in fee. To successfully assert the doctrine of estoppel, a party litigant must show that he was without knowledge or any means of knowledge of the facts and circumstances upon which he predicates the

claim of estoppel and that without this knowledge or means of knowledge he was influenced by the conduct or language or silence amounting to a representation of facts, or a concealment of material facts by the party sought to be estopped, and that in reliance thereon he changed his position to his injury and damage. E. B. Beverly could not have asserted the doctrine of estoppel because of his full knowledge at the time of the execution of his last will and testament that the legal title to this very tract of land which he was undertaking to devise was vested in fee simple in Sara Jane Beverly by virtue of his own deed. As was said in the case of *Ott v. Ott et al., supra*: "It would seem to be a dangerous doctrine to announce that a gift *inter vivos* possessing all the *indicia* of validity may be set aside after the death of the donee upon the bare assertion, even under oath, of the donor that he never intended to part with the title."

To allow the specific beneficiaries under the will of E. B. Beverly to at this time successfully maintain that Sara Jane Beverly was divested of the fee-simple title to this tract of land under the facts and circumstances of this cause would make titles to real estate too uncertain on the records in this State.

Respondents further contend that Sara Jane Beverly accepted under the terms of the will of E. B. Beverly and thereby confirmed same and for this reason she would have been estopped, and consequently those claiming under and through her, would also be barred by the doctrine of estoppel. As already stated, because of full knowledge of the facts by the devisor, E. B. Beverly, he could not successfully assert the doctrine of estoppel, and those claiming under him by virtue of his will would be bound by his act and deed, but there is another reason that the doctrine of estoppel is not applicable to the instant case. This property was by the will of E. B. Beverly devised to Sara Jane Beverly for life. She continued to live where she had a legal right to reside by virtue of her deed from E. B. Beverly to her conveying the title to this tract of land in fee simple. If

this be considered an acceptance by her under the terms of the will of E. B. Beverly, still the doctrine of equitable estoppel is not applicable. No estoppel can be claimed against a person where such person is charged with accepting benefits to which he is entitled irrespective of the transaction on which the estoppel is asserted.

The case of *Holland v. Jones,* 48 S. C., 267, 26 S. E., 606, cited by Judge Mann in his decree herein, does not present analogous facts to those of this cause. The *Holland case* was an action to foreclose a mortgage on real estate. The defendants, husband and wife, were both present when the mortgage was executed, the wife knowing at the time that the mortgage was being given by her husband as a lien, not on his property, but as a lien on her property. She renounced dower on this mortgage and with full knowledge of her title failed to advise the mortgagee thereof, he being uninformed that the title was vested in the wife and the mortgagee was misled by the silence and conduct of the wife. This Court held that the wife was estopped to deny title in her husband because of her silence and conduct which had misled the plaintiff resulting in his changing his position to his injury and damage if the wife could successfully maintain that title to the property was vested in her. The facts here are different. E. B. Beverly was fully aware undoubtedly that he had already parted with the fee to this property. He was not misled and was not without full knowledge of the facts as was the mortgagee in the *Holland case, supra.* Therefore, that decision is inapplicable to the facts in this cause and presents no guiding rule for a determination of the issue herein.

It is the judgment of this Court that the judgment of the lower Court be and the same is hereby reversed.

Mr. Chief Justice Bonham, Messrs. Justices Fishburne and Stukes and Mr. Acting Associate Justice L. D. Lide concur.