21100

SOUTHERN COATINGS & CHEMICAL COMPANY, INC., Appellant, v. Rosemary BELCHER, as Administratrix, CTA of the Estate of F. G. Brothers, Respondent.

(261 S. E. (2d) 162)

*John D. Lee, Jr.,* of *Lee, Moise, Myers & Erter,* Sumter, *for appellant.*

*Wesley M. Walker* and *Earle G. Prevost,* of *Leatherwood, Walker, Todd & Mann,* Greenville, *for respondent.*

December 20, 1979.

LEWIS, Chief Justice:

The questions involved are (1) whether a claim filed against the estate of a deceased is barred because not *duly attested* as required by Section 21-15-640 of the 1976 Code

of Laws of South Carolina; and (2), if barred, whether compliance with the statute is excused in this case under the principles of equitable estoppel.

Respondent's father died on April 6, 1972 and she was appointed administratrix CTA of his estate on April 18, 1972. Appellant filed an *unattested* claim against the estate on June 29, 1972, consisting of a forwarding letter with invoices attached. After correspondence between the parties, in which respondent took the position that liability for the claim rested on other parties, the claim was finally denied by letter of respondent dated November 28, 1977.

The subsequent suit by appellant on the claim resulted in the granting by the lower court of respondent's motion for summary judgment on the ground that a *duly attested* claim was not filed by appellant as required by Code Section 21-15-640, *supra*. This appeal is from that judgment. Section 21-15-640, in pertinent part, states:

All claims of creditors of such estate shall upon the expiration of five months after the first publication of the notice prescribed in Section 21-15-630 be forever barred unless before the expiration of such period, an account thereof, duly attested, shall have been filed. . . .

The foregoing statute, requiring that claims filed against an estate be duly attested, appears in the Code of 1893 and was apparently adopted prior to that time. While the statute was not mentioned, the decision of *Brown v. Brown*, 45 S. C. 408, 23 S. E. 137, decided in 1895, after the adoption of the statute, reviews the prior cases and sets forth the long established rule in this State that claims against an estate "must be rendered under oath." The statute, therefore, follows the prior rule of our common law that the attestation of claims against an esate is mandatory.

The reasoning behind the rule, requiring that claims against an estate be *duly attested* by the creditor, is sound. As pointed out in *Brown* and the cases cited therein, since

the debtor is dead and cannot speak for himself and the administrator is most often without direct information concerning the alleged obligation, it becomes essential that the creditor furnish an affidavit showing how the deceased became indebted to him and that the debt had not been paid by discount or otherwise.

It is conceded that appellant's claim was not duly attested, as required by the statute. The lower court, therefore, properly held that lack of attestation was fatal to the validity of the claim and required that it be dismissed.

Appellant contends, however, that the failure of respondent to earlier question the legal sufficiency of the claim should preclude reliance upon the lack of attestation.

Although the claim was filed on June 29, 1972, within the time limits prescribed by Code Section 21-15-640, there was apparently no further communication between the parties until June 14, 1973, about seven months after the statutory time for filing claims had expired. At that time, an inquiry was made to respondent's attorney with reference to the status of the claim. Respondent's attorney replied by letter, advising appellant that another party, not the estate, owed the debt. There was subsequent correspondence between the parties, but it need not be reviewed here because of its irrelevance to a determination of the issue concerning equitable estoppel.

We have held that "[t]he doctrine of estoppel applies if a person, by his actions, conduct, words or silence which amounts to a representation, or a concealment of material facts, causes another to alter his position to his prejudice or injury." *Hubbard v. Beverly,* 197 S. C. 476, 15 S. E. (2d) 740.

Further elaborating upon the essential elements of equitable estoppel, *Hubbard* states:

To successfully assert the doctrine of estoppel, a party litigant must show that he was without knowledge or any

means of knowledge of the facts and circumstances upon which he predicates the claim of estoppel and that without this knowledge or means of knowledge he was influenced by the conduct or language or silence amounting to a represenation of facts, or a concealment of material facts by the party sought to be estopped, and that in reliance thereon he changed his position to his injury and damage.

Applying the foregoing principles to the present facts, we find no basis for the assertion of the doctrine of equitable estoppel by appellant. Every representation and act relied upon by appellant for an estoppel occurred after the period for filing claims against the estate had expired and the respective rights of the parties with reference to the filing of the claim were fixed. Since the alleged representations were made after appellant's position had become fixed, they cannot be relied on for a failure to file a legally sufficient claim. *Sullivan v. Moore,* 84 S. C. 426, 65 S. E. 108.

It is true that respondent did not advise appellant of the fact that the claim was unverified. The fact that respondent did not call to the attention of appellant a fact, equally within the knowledge of both parties, forms no basis for an estoppel.

Judgment affirmed.

LITTLEJOHN, NESS, RHODES and GREGORY, JJ., concur.