### 21371

Vernelle McSwain BONSALL, Respondent, v. PIGGLY WIGGLY HELMS, INC., and Piggly Wiggly Covenant Road, Inc., Defendants, of which Piggly Wiggly Covenant Road, Inc., is Appellant.

*Ronald E. Boston, Turner, Padget, Graham & Laney,* Columbia, *for appellant.*

*C. Alan Runyan, McNair, Glenn, Konduros, Corley, Singletary, Porter & Dibble,* Columbia, *for respondent.*

January 13, 1981.

Lewis, Chief Justice:

Appellant, a corporation, was dissolved in 1976, subsequent to the events which allegedly gave rise to respondent's tort claim against appellant. The sole question in this appeal is whether or not respondent was a "known creditor" within the purview of Section 33-21-60(b), South Carolina Code of Laws, 1976, so as to require notice to her of appellant's dissolution in order to bar her claim under the two year limitation provisions of Code Section 33-21-220. We affirm the holding of the lower court that respondent was a "known

creditor" to whom notice was required to be given in order to bar her tort claim.

The respondent initiated this action by filing a complaint which alleged that she was injured in a "slip and fall' accident while shopping at appellant's grocery store. Thereafter, appellant filed a motion to quash the service and argued that Code Section 33-21-220 is a bar to her claim since the corporation has been dissolved. The facts relative to a disposition of this matter are undisputed.

Upon returning home after the accident, respondent called the store and reported the incident to a lady at the store. She was told to go to Richland Memorial Hospital for treatment. A few weeks later, she was contacted by an agent for Fireman's Fund Insurance Company who represented himself as the insurance agent for appellant. She retained an attorney in the matter who had several discussions with the insurance adjuster concerning her fall and the alleged liability of the appellant. Sometime thereafter, appellant initiated dissolution proceedings. In pursuit of that action, appellant published notices in the newspaper concerning its intent to dissolve the corporation; however, no specific notice was mailed to the respondent.

Section 33-21-60 prescribes the notice requirements involved in the dissolution of a corporation. It provides, in pertinent part:

After the filing by the Secretary of State of a statement of intent to dissolve, as provided by Sections 33-21-20, 33-21-30, and 33-21-40:

(b) The corporation shall immediately cause notice of the filing of the statement of intent to dissolve to be mailed to each *known creditor* of the corporation and to the South Carolina Tax Commission. It shall also publish such notice in a newspaper published or having general circulation in the county in which the registered office of the corporation was

located at the time of filing of the statement of intent to dissolve. (Emphasis added.)

The lower court found that respondent was *known* as a claimant to appellant. The preponderance of the evidence supports this finding. The call by respondent to a woman at Piggly Wiggly, notifying it of her fall resulted in an adjuster of the store contacting the respondent. This gives rise to the reasonable inference, drawn by the lower court, that Piggly Wiggly had notice of the respondent's fall and her resulting claim for damages.

We next consider the question of a tort claimant as a creditor.

*Stewart, Admr. v. Walterboro and Western Ry. Co.,* 64 S. C. 92, 41 S. E. 827, considered the magnitude of the term creditor in the context of a corporate merger. The Court held that the defendant, which had since pursued a merger into a new corporation, was not dissolved as a corporation insofar as the rights of the plaintiff. Although the statute involved concerned merger and not dissolution, as pointed out by the appellant, this distinction is not of significance. Both address the viability of actions against corporate entities seeking to end their corporate existence as it existed at the time of the claim.

The respondent's tort claim made her a creditor within the meaning of Section 33-21-60, entitling her to notice of dissolution. Since notice was not given to respondent, who was a known creditor, the corporation was not dissolved insofar as the rights of the respondent. The lower court properly refused to quash service. See *Stewart v. Walterboro and Western Ry. Co., supra.*

Judgment affirmed.

LITTLEJOHN, NESS, GREGORY and HARWELL, JJ., concur.