21413

Thronie COCKCROFT, as Administratrix of the Estate of Warren P. Cockcroft, Jr., and United States Fidelity and Guaranty Insurance Company, Appellants, v. AIRCO ALLOYS, INC., Respondent.

(277 S. E. (2d) 587)

*Patrick F. Stringer, of Stringer & Stringer,* Charleston, *for appellants.*

*Coming B. Gibbs, Jr., of Gibbs, Gaillard, Rowell & Tanenbaum,* Charleston, and *R. W. Dibble, Jr.,* and *Robert E. Stepp, of McNair, Glenn, Konduros, Corley, Singletary, Porter & Dibble,* Columbia, *for respondent.*

March 23, 1981.

LITTLEJOHN, Justice:

This action was brought by plaintiffs, Thronie Cockcroft, as administratrix of the estate of her deceased husband, Warren P. Cockcroft, Jr., and United States Fidelity and Guaranty Insurance Company (which paid a workmen's compensation claim because of the husband's death) against the defendant Airco Alloys, Inc. It is a third-party action growing out of conduct of the defendant alleged to have wrongfully caused the death of Warren P. Cockcroft, Jr. The trial judge granted a motion by the defendant to dismiss the action for want of subject matter jurisdiction. The plaintiffs appealed. We affirm.

On June 24, 1975, Warren P. Cockcroft, Jr., an employee of M & M Electric Company, was working on the defendant's property. The next day he died. His widow, Thronie Cockcroft on September 23, 1975, was appointed administratrix of her late husband's estate. On the same day, Aetna Casualty and Surety Company issued an administration bond.

■ The admnistratrix prosecuted a Workmen's Compensation claim against her husband's employer, which was insured by United States Fidelity & Guaranty Insurance Company as carrier. A settlement resulted, and the net proceeds were deposited to the estate account and distributed in May, 1977. On February 13, 1978, the judge of probate entered letters dismissory, discharging Mrs. Cockcroft from all liability as administratrix of the estate, and her bond was canceled as of that date. We hold, as did the lower court, that the dismissal was proper, the administration was ended and that Mrs. Cockcroft had no further authority to act in an administratrix capacity.

On March 10, 1978, Lester E. Stringer, as attorney for U.S.F.&G. in the Workmen's Compensation action brought by the administratrix, wrote a letter, certified mail-return receipt requested, to Mrs. Cockcroft, as follows:

"Dear Mrs. Cockcroft:

"In reference to your husband's workmen's compensation claim which was approved approximately May 30th, 1977, the insurance carrier is subrogated to the cause of action against a third party for the amount paid on the claim.

"The employee's Right of Action is assigned to the carrier if the employee, or his representative has not commenced an action within the one year period, or within thirty (30) days prior to the expiration of the time in which said action may be brought.

"Therefore, you are notified to bring such action against Airco for the wrongful death of your husband, before May

30th, 1978, and failure to commence such action will operate as an assignment of the cause of action to the U.S. Fidelity & Guaranty Insurance Company."

On July 10, 1978, Mr. Stringer filed a notice of third-party action with the Industrial Commission, in which he advised the commission that an action had been commenced against the defendant on June 7, 1978. On the same day, Mr. Stringer filed an entitlement of right to action with the commission, in which he advised the commission that U.S.F.&G. assumed and asserted entitlement to bring a third-party action against the defendant on the ground that the right of action of the surviving workmen's compensation beneficiary of Warren P. Cockcroft, Jr. had passed to U.S.F.&G. because the personal representative had failed to execute a settlement or to commence an action within one year of acceptance of liability for payment of workmen's compensation. On July 31, 1978, Mr. Stringer commenced this action by service of summons and complaint. The complaint alleged that Mrs. Cockcroft was at that time the administratrix (though she was not) of the estate of Mr. Cockcroft and was bringing the action in that capacity. It is a wrongful death action.

The defendant served no responsive pleadings. On September 21, 1978, Mr. Stringer filed an affidavit of default, and the clerk of court filed an order of default and of reference. On March 1, 1979, the defendant served its special appearance and motion to dismiss for lack of subject matter jurisdiction. On March 23, 1979, Mrs. Cockcroft filed an unverified petition requesting the judge of probate to issue an order rescinding and voiding, *nunc pro tunc,* the previously issued letters dismissory on the ground that they were issued prematurely. The probate judge granted the petition that same day. The defendant first learned of the *nunc pro tunc* order on April 5, 1979, and on April 10, 1979, appealed therefrom. (Defendant's appeal presumably is still active pending the outcome of the appeal presently before us.)

At the time the summons and complaint were served and at the time the order of default was taken, Mrs. Cockcroft as administratrix was a fictitious plaintiff, possessing no litigating identity. Plaintiff was not a legal entity. At the time of the service of the summons and complaint and at the time of the default, Mrs. Cockcroft was erroneously representing to the court that she was the administratrix, when in fact she was not. The lower court correctly held that the motion to dismiss was timely. Its ruling is consistent with our recent case of *Cox v. Lunsford,* 272 S. C. 527, 252 S. E. (2d) 918 (1979), upon which it relied. We find no error.

Counsel for appellants argue that the order of the probate judge, *nunc pro tunc,* reinstating Mrs. Cockcroft as administratrix, served the purpose of validating her bringing of this action at a previous date. We agree with the trial judge that our case of *Glenn v. E. I. DuPont De Nemours & Co.,* 254 S. C. 128, 174, S. E. (2d) 155 (1970), is to the contrary. Counsel, appreciating the impact of this decision, sought permission to argue for modification, which was denied by this court. We adhere to the precedent established in *Glenn.* The exception is without merit.

This brings us to the last question submitted in the brief of counsel for the appellants:

Did the carrier [U.S.F.&G.] obtain an assignment of the within action permitting it to maintain the action in its own name?

As noted in the caption, U.S.F.&G. is a party-plaintiff. The lower court held that the workmen's compensation law, as now amended and codified as § 42-1-560 (1976), no longer permits an employer and/or insurance carrier to bring an action such as this *in his own name.* He further held that even if the law permitted the employer and/or carrier to bring an action in his own name, proper notice was not given as required by the statute. We need

not reach the question of whether an action, under any state of facts, may be brought solely in the name of the employer and/or carrier, but affirm on the ground that proper notice was not given and arrive at the same result. Section 42-1-560(c) provides:

"If, prior to the expiration of the one-year period referred to in subsection (b), or within thirty days prior to the expiration of the time in which such action may be brought, the injured employee, or, in event of his death, the person entitled to sue therefor shall not have commenced action against or settled with the third party, the right of action of the injured employee, or, in event of his death, the person entitled to sue therefor shall pass by assignment to the carrier; *provided,* that the assignment shall not occur less than twenty days after the carrier has notified the injured employee, or, *in the event of his death, his representative or other person entitled to sue therefor* in writing, by personal service or by registered or certified mail that failure to commence such action will operate as an assignment of the cause of action to the carrier . . ." (Emphasis added.)

It should be observed that notice must be given to ". . . the injured employee, or, in the event of his death, his personal representative or other person entitled to sue therefor in writing, by personal service or by registered or certified mail that failure to commence such action will operate as an assignment of the cause of action to the carrier." At the time the notice was given to Mrs. Cockcroft on March 10, 1978, she was not the personal representative, and the letter was received in her individual capacity. It cannot be argued that she alone is ". . . other person entitled to sue . . (.," for there are, in addition to Mrs. Cockcroft, two children who would be beneficiaries of such an action. They were not notified. The ruling that statutory notice was not given is supported by the evidence. The actions taken by U.S.F.&G. did not trigger the statute, or ". . . operate as an assignment of the cause of action to the carrier." Neither of the two plaintiffs

had capacity to sue. We hold that the trial judge correctly ruled that the order of default should be vacated and the action dismissed without prejudice.

Affirmed.

LEWIS, C. J., and NESS, GREGORY and HARWELL, JJ., concur.